Argued May 3, affirmed June 14, 1961

# LAMBERT v. MULTNOMAH COUNTY CIVIL
# SERVICE COMMISSION ET AL

363 P. 2d 54

*Howard R. Lonergan,* Portland, argued the cause and filed a brief for appellant Multnomah County Police Union No. 117.

*Edwin J. Welsh*, Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

LUSK, J.

The plaintiff, Francis Lambert, Sheriff of Multnomah county, on November 4, 1959, made an order assigning Gordon O. Auborn, a deputy sheriff and captain in the sheriff's office, "to the supervision of the criminal division of the Sheriff's department of Multnomah County." On January 14, 1960, the defendant Civil Service Commission for Multnomah County, after a hearing, entered an order "that the Sheriff of Multnomah County immediately return Captain Gordon O. Auborn to his proper classification as Captain in the Uniform Division."

On February 5, 1960, the plaintiff filed in the circuit court for Multnomah county a petition for a writ of review of the Commission's order, based on the ground that the Commission in making it had exercised its functions erroneously and in excess of its jurisdiction. The writ was thereupon duly issued and a return thereto was filed in the circuit court by the Commission on February 16, 1960. On March 4, 1960, Multnomah County Police Union No. 117 filed a motion to intervene in the cause "as an interested defendant not heretofore joined as a party on the ground and for the reason that your intervener was the complaining party which sought the ruling of the Civil Service Commission now sought to be reviewed by plaintiff". The application was heard ex parte and granted by the circuit court on the same day. The application was accompanied by an answer to the petition for the

writ to which the plaintiff filed a demurrer based on the ground, variously stated, that the Union was without any interest in the litigation which would entitle it to intervene.

The cause was thereafter heard on this demurrer and on July 6 the court entered a judgment vacating the previous order of intervention, striking from the files the answer of the intervenor, and vacating the order of the Commission as illegal and void.

■ The Commission and the Union each filed notice of appeal on August 5, 1960.

We will first consider the appeal of the Union.

Our intervention statute, ORS 13.130 provides:

"At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene. * * *"

Obviously, the Union has no such interest in this litigation as the foregoing section contemplates. *State Highway Com. v. Superbilt Mfg. Co.*, 200 Or 478, 266 P2d 1072, *Brune v. McDonald*, 158 Or 364, 75 P2d 10.

As stated in the latter case, 158 Or 370:

"The generally accepted rule is that the right or interest which will authorize a third person to intervene must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation of the judgment: * * *"

The Union seeks to avoid this objection by asserting that the statute does not apply in a proceeding by writ of review; that "no order of intervention is necessary to allow an adverse party to appear in the Circuit Court to support the order it had won before the tribunal reviewed * * *." The transcript of the hearing before the Commission (which is made a part of the return to the writ) shows that "[t]he meeting

was called in response to a request by County Police Union Local #117 * * *", and that an attorney for the Union was permitted to voice his objections to the Sheriff's order in question. Notwithstanding these matters, the Union was not a party, in any legal sense, to the proceeding before the Commission. No statute authorized it to be made a party, and the Commission, by commencing an investigation or hearing at the request of the Union, would seem to have ignored its own rule.[①] The Union had no standing as a party in the proceeding before the Commission or in the circuit court, and it has no standing here to attack the judgment in favor of the plaintiff. The only judgment of the circuit court to which it was a party (see ORS 19.020) is the judgment vacating the order permitting it to intervene. That judgment was correct and is affirmed.

As to the appeal of the Commission, the following appears:

■ After these appeals were taken the appellants were granted extensions of time in which to file their opening briefs until November 28, 1960. The Commission has not filed a brief. On December 13, 1960, Mr. H. Kent Holman, attorney for the Commission, advised Mr. Edwin J. Welsh, attorney for the plaintiff, that he did not intend to file a brief. On February 11, 1961, the plaintiff filed a motion to dismiss the appeal of the Commission based on its failure to file a brief in time. On February 21, 1961, Mr. Holman wrote to the clerk of this court stating that the Commission

---

[①] Rule 7(a) of the rules of the Commission provides:

"Any holder of an office, place, position or employment, or any person on any eligible list, or any appointing power may request an investigation or a hearing by the commission on any matter coming under the Civil Service Act. Such request shall be made in writing, shall state the specific purpose of such investigation or hearing, and shall give sufficient evidence to afford a reasonable basis for such investigation or hearing."

did not intend to file a brief, but did not want the appeal dismissed. It was his understanding that under Rule 32 of the Supreme Court it was within the discretion of the Supreme Court to allow him to argue the case even though no brief had been submitted. He suggested that attorney Howard R. Lonergan had filed a brief for the Union which contained many of the authorities which Mr. Holman had used before the trial court; and that he, Mr. Holman, would be able to argue to the court from Mr. Lonergan's brief. On March 8, 1961, we denied the plaintiff's motion to dismiss the appeal, with leave to renew the motion at the time of argument, and directed the clerk to notify all parties that counsel for the Commission would not be permitted to make an oral argument. Counsel for the parties were so notified on the same day.

The motion to dismiss has been renewed.

Rule 31 of the rules of this court, which became effective January 1, 1960, reads:

"If, without reasonable excuse, the appellant fails or neglects to serve and file abstract and brief as required by the rules of this court, the respondent may have the judgment or decree affirmed on motion and notice."

Rule 32 reads:

"If the respondent files no brief, the cause will be deemed submitted upon its merits as to him. A respondent who has not filed a brief will not be allowed to argue the cause orally without permission of the court."

There is no provision of our rules allowing an oral argument to be made by an appellant who has not filed a brief. As the appellant Commission has offered no excuse whatever for its failure in this regard, the judgment as to it should be, and is, affirmed.