William S. Shea, J.
This is a holdover summary proceeding to oust the occupant of a controlled apartment because she is a squatter. The wording of the petition indicates that the proceeding is brought in accordance with subdivision 3 of section 713 of the Beal Property Actions and Proceedings Law, which is a carry-over from subdivision 4 of section 1411 of the Civil Practice Act.
The parties have stipulated the facts substantially as follows:
William and Martha Morris were the tenants in the apartment, with their family, for over 20 years.
The present occupant, Clara Morris, is the daughter of William and Martha Morris and has resided with her parents in said apartment for over 20 years.
Clara Morris, the present occupant, and her three children resided with her parents until September 26, 1964, when the parents, William and Martha, moved out of the apartment, leaving Clara and her three children as the sole occupants.
The landlord commenced this proceeding to oust Clara Morris and her children, claiming that she became a squatter when her parents, the original tenants, moved out and Clara continued to occupy the premises without the consent of the landlord.
The occupant contends that as long as she entered into possession with the consent of the person entitled to possession at that time, to wit, her parents, she is not a squatter and is entitled to continue in possession as the tenant.
The court finds that Clara Morris is not a squatter but the tenant and may continue in possession as said tenant subject only to the rental agreement between the landlord and tenant and the rent laws and regulations.
There is no doubt here that during the time the accredited tenant or tenants, William and Martha Morris, were recognized as such by the landlord the present occupants of the aforementioned apartment, Clara Morris and her children were part of the family unit of the tenants and as such were entitled to possession, use and occupancy of the apartment. The fact that William and Martha moved from the apartment, leaving the remainder of the family unit in possession, did not render those remaining less entitled to such possession, use and occupancy. *478 (Matter of Goodman v. Ross, 274 App. Div. 811; Matter of Waitzman v. McGoldrick, 20 Misc 2d 1085; Matter of Bierer v. Abrams, 20 Misc 2d 1085.)
To say that a person is entitled to the possession, use and occupancy of an apartment is to say that that person is a tenant therein and is entitled to all the rights of the tenancy then in existence between the landlord and tenant, whether by written lease or oral agreement and, in a controlled apartment, the rent laws and regulations. The petition is dismissed on the merits.