UNITED STATES of America, Plaintiff,

v.

PREMISES KNOWN AS 281 SYOSSET WOODBURY ROAD, WOODBURY, NEW YORK, A Parcel of Real Property and all Appurtenances Thereto, Lying in Nassau County, New York, said Property being titled in the Name of Lydia Camiola, Defendant.

No. CV–90–3626.

United States District Court, E.D. New York.

May 14, 1992.

Richard Goldstein, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Minna Kotkin, BLS Legal Services, Inc., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

In this forfeiture action, the claimant has moved for leave to file a supplemental answer and to file an intervenor complaint on behalf of her minor children; the government has cross-moved to strike the claim already filed by the claimant on behalf of the children. For the reasons set forth below, the motions of the claimant to file a supplemental answer and to file an intervenor complaint are granted in part and denied in part, and the motion of the government is granted.

### FACTS

On May 1, 1990, the United States brought this action in the United States District Court for the Eastern District of Pennsylvania to forfeit certain premises known as 281 Syosset–Woodbury Road located in Woodbury, New York (the "defendant property" or the "defendant"), $160,-800.00 in United States currency, and a 1988 Jaguar automobile. The forfeiture action was related to a criminal drug-trafficking indictment against John Camiola. On June 15, 1990, the government served a verified complaint in rem on Lydia Camiola (the "claimant"); she holds title to the defendant property. Lydia Camiola filed a claim to the defendant on May 22, 1990; however, she did not subsequently file an answer to the complaint. On July 24, 1990, after Lydia Camiola failed to file an answer and after no other person filed a claim or answer, the clerk of the court in the Eastern District of Pennsylvania noted a default in the action. On August 6, 1990, Lydia Camiola moved through counsel to vacate the default as to the defendant property (but not as to the currency or as to the automobile). She represented to the court that she had failed to file a timely answer to the complaint because she had not earlier had the benefit of counsel; the government did not oppose her motion. Accordingly, on August 30, 1990, the court vacated the default and directed the claimant to file an answer within ten days.

In the fall of 1990, the case was transferred to this court. After that, Lydia Camiola was not represented by counsel until the appointment of her present attorney on October 1, 1991. Shortly thereafter, the claimant moved to file a supplemental answer and to file an intervenor complaint on behalf of her four children (aged approximately 17, 12, 8, and 2 years). While that motion was still pending, Lydia Camiola filed on February 28, 1992 a claim to the defendant premises on behalf of her four children; she has not yet filed an answer on their behalf. The government moves to strike this claim as untimely filed.

### DISCUSSION

1. *The Claim on Behalf of the Claimant's Minor Children*

The government has moved to dismiss the claim filed by the claimant on

behalf of her minor children on the grounds that the children lack standing to challenge the forfeiture action and that their claim is untimely filed. The government first argues that the claimant's children lack standing to challenge this forfeiture action because they do not have an ownership interest in the defendant property. However, "[a] claimant need not own the property in order to have standing to contest its forfeiture; a lesser property interest, such as a possessory interest, is sufficient for standing." *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1544 (11th Cir.1987); see also *United States v. $134,752 United States Currency*, 706 F.Supp. 1075, 1081 (S.D.N.Y.1989) ("It is well established that a possessory interest in the *res* is sufficient to confer standing upon a claimant."). Under New York law, the family members of the owner of real property have a possessory interest in the property—at least if they reside with the owner. As stated in *United States v. Leasehold Interest in 121 Nostrand Avenue*, 760 F.Supp. 1015, 1035 (E.D.N.Y.1991):

> Here, ... Smith is the 'owner' of the leasehold. The remaining seventeen members of her family are entitled to possess, use and occupy the premises both as a consequence of her ownership and their residence. *See Clarke v. Morris*, 46 Misc.2d 476, 477, 259 N.Y.S.2d 539, 540–41 (Civ.Ct.N.Y.County 1965).

Thus, because the mother of the children owns the defendant property, the children have a possessory interest in the defendant; because they have a possessory interest in the defendant, the children have standing to contest the forfeiture. However, it is also reasonably clear that the possessory interest of a child only exists *through* the ownership interest of the parent; as such, the child's possessory interest is coextensive with the ownership interest of the parent. *Clarke v. Morris*, 46 Misc.2d 476, 259 N.Y.S.2d 539, 540–41 (Civ. Ct.N.Y. County 1965) ("[Tenants' daughter] and her children ... were part of the family unit of the tenants, and *as such* were entitled to possession, use and occupancy of the apartment.") (emphasis added). In

other words, the Camiola children may not assert their possessory interest in the defendant property unless Lydia Camiola herself has a valid ownership interest in the defendant. Hence, any claim asserted by the children can be no greater than that of their mother.

■ The second argument of the government to strike the claim made on behalf of the children is that the claim was untimely filed and that they therefore lack statutory standing to challenge the forfeiture. The timeliness of a claim to an in rem defendant is governed by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. That rule provides, in relevant part:

> The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim.

The government correctly points out that failure by a potential claimant to comply with the time limitations set forth in Rule C(6) operates to deny the potential claimant statutory standing to contest forfeiture and constitutes a basis on which to strike the answer of a purported claimant. See, e.g., *United States v. $2,857.00*, 754 F.2d 208, 213 (7th Cir.1985) ("Once the procedural requirements of Rule C(6) are met, a claimant has standing to defend the forfeiture."). However, as the plain language of Rule C(6) indicates, the district court has discretion to extend the time within which a claim and an answer must be filed and thereby to allow a potential claimant to contest a forfeiture action after the time in which to do so has expired. *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir.1985) (district court has authority to extend filing time under Rule C(6)). The factors that courts have considered to guide the exercise of this discretion have included:

> [T]he time at which the claimant became aware of the seizure, whether the Government encouraged the delay, whether the claimant had advised the

court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

*United States v. One (1) 1979 Mercedes*, 651 F.Supp. 351, 353 (S.D.Fla.1987). The Ninth Circuit has cautioned that a district court "should only exercise its discretion to grant additional time where the goals underlying the time restriction ... are not thwarted." *Yukon Delta Houseboat*, 774 F.2d at 1436. The objective of those time restrictions is, of course, "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." *Id.*

Although it is true that the children here have long ago missed the deadline set out in Rule C(6) to file a claim to the defendant property, certain factors do argue for this court to grant them an extension of time and to accept their claim as timely filed. First, it must be noted that these claimants are minor children—infants at common law. As such, they themselves were legally incapable of initiating a claim to the defendant on their own behalf. Indeed, the most likely means by which the children would challenge this forfeiture action was through their mother, Lydia Camiola. But Lydia Camiola herself filed a timely claim under Rule C(6), and she was later permitted to file an untimely answer. Hence, the government really cannot now claim that it is subjected to an unfair "surprise" by the claim advanced on behalf of her children. Rather, the government was timely notified that it would have to engage the claim of Lydia Camiola to the defendant. To the extent the government knew or should have known that Lydia Camiola had four minor children, it must have reasonably anticipated that those children could be a factor in the forfeiture action. Finally, it is clear that this action has not proceeded very far, and the government has not even suggested that it would be substantially prejudiced by the acceptance of the children's claim.

On the other hand, any claim made by the Camiola children would be entirely superfluous. As noted above, the possessory interest of the children in the defendant property begins and ends with the ownership interest of their mother: If her claim in this action ultimately fails, the children will have no independent basis on which to challenge this forfeiture. Thus, because Lydia Camiola has already filed a claim to the defendant property, any claim on behalf of her children is unnecessary. For this reason, the court declines to extend the time under Rule C(6) for the children to file a claim.

2. *The Proposed Pleadings of the Claimant*

Lydia Camiola and her children also seek leave of this court to file two additional pleadings: a "supplemental answer and counterclaim" and an "intervenor complaint." Notwithstanding its demarcation, the "supplemental answer and counterclaim" (Claimant's Exhibit A) would, ostensibly, amend the answer of Lydia Camiola that is already in the court file. That is, a review of this proposed pleading reveals that it is not a "supplemental" answer as contemplated by Federal Rule of Civil Procedure 15(d) but rather an amendment to Lydia Camiola's answer under Federal Rule of Civil Procedure 15(a). Rule 15(a) provides, in relevant part:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court noted of Rule 15(a):

> [T]his mandate is to be heeded.... In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be "freely given."

Thus, generally, Lydia Camiola is entitled to wide latitude from the court in amending her answer in this action.

■■■ However, the court will not grant leave to the claimant to file most of her "supplemental answer and counterclaim" because her amendment is, as contemplated by *Foman*, ultimately futile. Aside from the fact that this "supplemental answer" would add about 25 government employees and agencies as "counterclaim plaintiffs," almost all the new matter in this pleading asserts a meritless position. The first amended portion of this pleading is to be found in the counterclaim—the substance of which is that:

> Plaintiffs acting individually and in their capacity as agents, employees, supervisors, and representatives of the United States, have violated Lydia Camiola's right to due process under the United States Constitution, Fifth Amendment, by encumbering her property and substantial property rights therein without a meaningful hearing, and in the absence of exigent circumstances.

Proposed Supplemental Answer and Counterclaim at 4. However, the "encumbering" of the defendant property referred to in this supplemental answer is simply the filing of a lis pendens. *Id.* at 3. Lydia Camiola alleges that this "unconstitutional property encumbrance" prevents her "from freely alienating or encumbering her property...." *Id.* at 4. But this court has already determined that "the filing of a lis pendens does not constitute a taking for due process purposes." *United States v. Rivieccio*, 661 F.Supp. 281, 297 (E.D.N.Y. 1987).

In this regard, *United States v. Property at 4492 South Livonia Road*, 889 F.2d 1258 (2d Cir.1989), is not to the contrary. There, the court held that, in the absence of exigent circumstances, the ex parte seizure of real property by the government without notice to the titleholder and without the opportunity for a preseizure adversarial hearing deprived the homeowner of due process. *Id.* at 1265. But that conclusion was predicated on the arrest and the seizure of the real property in that case. *Id.* Here, by contrast, Lydia Camiola seeks to base her "counterclaim" not on the seizure of her home but on the filing by the government of the lis pendens. See Reply Memorandum of Claimant at 4 ("[G]overnment officials violated Lydia Camiola's rights not in the preparation of the seizure warrant, but in the failure both before and after the filing of the *lis pendens*, to hold a meaningful, adversarial hearing. [The] counterclaim is not about the seizure warrant...."). However, the court in *4492 South Livonia Road* expressly recognized that, on a due process analysis, the filing of a lis pendens is a "less restrictive means than seizure...." *4492 South Livonia Road*, 889 F.2d at 1265. Accordingly, *4492 South Livonia Road* does not undermine the conclusion of *Rivieccio* that "the filing of a lis pendens does not constitute a taking for due process purposes." In other words, the "futility of the amendment" to the pleading as proposed by Lydia Camiola could not be more apparent: If this court were to grant her leave to file this "supplemental answer," it would later have to strike the pleading on a motion under Rule 12(b)(6).

As a collateral matter, the "supplemental answer" also contains an "eleventh defense" not raised in Lydia Camiola's first answer. The government has suggested no sound basis for denying her leave to amend her first answer and to add this affirmative defense. Accordingly, the court grants Lydia Camiola leave to add this "eleventh defense" to her initial answer.

Finally, the Camiola children seek to file an "intervenor complaint." Claimant's Exhibit B. Rule 24(a) provides that a party may intervene in an action as of right when (1) he has an unconditional statutory right to intervene or (2) he has an interest in the action that may be affected by the disposition of the case and his interest is not "adequately represented by the existing parties." As to the first of these, the

children refer the court to no statute that grants them an unconditional right to intervene in this action. As to the second, the court has already noted above that the children do have an interest in this litigation but that this interest is entirely subsumed by the interest of their mother, the claimant. As such, their interest is "adequately represented by the existing parties." Indeed, for this same reason, the court declines to grant the children leave to intervene under Rule 24(b) (permissive intervention). This pleading simply represents the substance of what would be filed as an answer on behalf of the children had the court granted them leave to file a late claim under Rule C(6). As such, to allow the children to file this "intervenor complaint" would be to allow them to do indirectly under Rule 24 that which they may not do directly under Rule C(6).

## CONCLUSION

For the reasons set forth above, the motion of the government to strike the claim filed by the claimant on behalf of her minor children is granted; the motion of the claimant to file a supplemental answer is granted as to the addition of the eleventh defense but is otherwise denied; and the motion of the claimant's children to file an intervenor complaint is denied.

SO ORDERED.