408

Argued and submitted October 19, 1992, reversed May 19, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## RUSSELL JEFFREY BURGHART,
*Appellant.*

(WM044489, WM044497, WM063451,
WM063637, WM063684)

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWIN ORVILLE HARRIS,
*Appellant.*

(WM063670, WM063673)

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD P. PHILLIPS,
*Appellant.*

(WM044070, WM044486, WM063685)

## STATE OF OREGON,
*Respondent,*

*v.*

## REX A. ROGERS,
*Appellant.*

(WM043738, WM044072)

## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS LYNN SMITH,
*Appellant.*

(WM044076)

STATE OF OREGON,
*Respondent,*

*v.*

DONALD CLARE BROWN,
*Appellant.*

(WM063614; CA A73538)

852 P2d 922

Charles W. Carnese, Portland, argued the cause and filed the brief for appellants.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendants are six operators and/or owners of vehicles who were convicted of 14 separate violations of the maximum weight limitations under the Oregon Vehicle Code. ORS ch 818; ORS 818.020. Seven of the convictions involved an overload on a group of axles, six involved an overload on a set of tandem axles and one involved an overload on a combination of vehicles.[1] In each case, the vehicle involved was weighed on either a commercial scale or an Oregon Department of Transportation (ODOT) portable scale. At trial, defendants objected to the introduction of evidence concerning the vehicle weights, because ODOT had not promulgated rules setting standards for the methods, procedures and devices for weighing vehicles as required by ORS 801.055. The trial court treated the objection as a motion to dismiss, as do we. The trial court denied the motion. We reverse.

Defendants did not follow appellate rules in making their assignments of error.[2] ORAP 5.45(4) requires that

"[e]ach assignment of error shall be clearly and concisely stated under a separate and appropriate heading, must be

---

[1] ORS 801.135 provides:

" 'Axle' means any structure or structures, whether in one or more segments, of any vehicle, supported by wheels and on which the wheels rotate, so spaced longitudinally that the centers thereof are included between two vertical parallel transverse planes 40 inches apart."

ORS 801.195 provides:

" '*Combination of vehicles*' means *two or more vehicles coupled together.*"

ORS 801.300 provides:

" 'Group of axles' means an assemblage of two or more consecutive axles considered together in determining their combined load effect on a bridge or pavement structure."

ORS 801.520 provides:

" '*Tandem axles*' means any two or more consecutive axles that have centers more than 40 inches but not more than 96 inches apart and:

"(1) Are individually attached to or articulated from, or both, a common attachment to the vehicle; or

"(2) Have a connecting mechanism designed to equalize the load between axles."

ORS 801.590 provides:

" '*Vehicle*' means any device in, upon or by which any person or property is or may be transported or drawn on a public highway and include vehicles that are propelled or powered by any means."

[2] Defendants' brief states the questions presented on appeal as follows:

specific and must set out verbatim the pertinent portions of the record, if it relates to a specific ruling that is being challenged."

Defendants failed to specify the pertinent portions of the record where the specific rulings at issue were made. However, because our review has not been impeded, we exercise our discretion and reach the issue. That issue is whether ORS 801.055 requires ODOT to promulgate rules that set standards for the methods, procedures and devices for weighing vehicles and, as a corollary, whether defendants' convictions should be reversed for lack of such standards.

■■■ The weight limits for vehicles using Oregon's public roadways are statutory. ORS 818.010. In 1985, the Oregon Legislature repealed other statutes that specified the methods by which vehicle weights were to be determined and replaced them with ORS 801.055. That statute provides, in part:

"(2) For purposes of the vehicle code, the weights of vehicles, combinations of vehicles, parts of vehicles, wheels or axles *shall be determined by the use of methods, procedures and devices established by the Department of Transportation by rule.* The rules established in accordance with this subsection may include any or all of the following:

"(a) Methods and procedures to determine weights when weighing devices or facilities are not convenient.

"(b) Standards and certification procedures for weighing devices.

"(c) Any other rules the department determines necessary or convenient for purposes of this section." (Emphasis supplied.)

The statutory directive is mandatory. ODOT *shall* promulgate rules establishing the methods, procedures and devices

---

"A. Did the Trial Court err in failing to dismiss the citations against Defendants and in accepting testimony concerning the weights of Defendants' vehicles when the Oregon Department of Transportation has not determined the methods, procedures and devices to be utilized to weigh vehicles as mandated by ORS 801.055?

"B. Does ORS 810.490 require that a vehicle be weighed on a 'public or certified scale' other than portable scales before a citation for a violation of the weight provisions can be issued by a weighmaster?

"C. Did the Trial Court err in allowing hearsay testimony of the certification of scales and finding that the scales were certified?"

for determining the weights of vehicles for purposes of the Vehicle Code. The methods, procedures and devices that ODOT must set by rule control how the state will determine whether a vehicle is in violation of the statutory weight limits. Without standardized methods, procedures and devices, operators cannot accurately determine in advance whether they are in compliance with those weight limits.

The state argues that requiring ODOT to promulgate the rules anticipated in ORS 801.055 would be contrary to the legislative intent to give ODOT flexibility in choosing the methods, procedures and devices, and an ability to modernize them as required over time. The state is wrong. The statute clearly requires ODOT to promulgate rules and also allows the flexibility that the legislature intended. Under the 1985 legislation, control over the methods, procedures and devices to be used is with ODOT.

The state also argues that ORS 801.055 is not mandatory. It points to the instruction in that statute that the rules "may include any or all of the following * * *" and reads it as granting ODOT "broad discretion concerning the content of any rules it might adopt on the subject." The final step in this reasoning is that, because ODOT has such broad discretion in the content of the rules contemplated by ORS 801.055, it need not adopt rules at all. The fact that ODOT has some discretion concerning additional matters that *may* be addressed in the rules does not nullify the requirement that the rules be promulgated. The trial court erred in denying defendants' motion to dismiss.

Reversed.