Argued and submitted March 3, affirmed October 6, reconsideration denied
December 15, petition for review denied December 28, 1993 (318 Or 246)

## STATE OF OREGON,
*Respondent,*

*v.*

## MARVIN B. KELLY,
*Defendant,*

*and*

## Gerald GUNNARI,
*Intervenor-Appellant.*

(91 CR 1765; CA A74007)

860 P2d 843

Roger Gould, Coos Bay, argued the cause for intervenor-appellant. With him on the brief was Joelson, Gould, Wilgers and Dorsey, Coos Bay.

Janie Burcart, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Meg E. Kieran, Assistant Attorney General, Salem.

Before Deits, Presiding Judge, and Riggs and De Muniz, Judges.

RIGGS, J.

■■■■■■■

**RIGGS, J.**

Gerald Gunnari appeals an order denying a motion to reconsider a forfeiture. In its cross-assignment of error, the state contends that the trial court erred in granting appellant's motion to intervene under ORCP 33. We affirm.

Gunnari owns a commercial fishing boat whose captain, Marvin Kelly, was convicted of harvesting undersized shrimp.[1] Several months after Kelly had been sentenced, the state filed a motion to forfeit the proceeds of the illegally harvested commercial shrimp, pursuant to ORS 506.690(2). After the court allowed the motion, Gunnari filed a motion to intervene, which was granted. The court later denied his motion to reconsider the forfeiture.

Gunnari assigns error to denial of his motion, contending that the forfeiture was untimely under ORS 506.690(2). Because of our disposition of the cross-assignment, we do not reach his argument.

■ The state argues in its cross-assignment that Gunnari had no right to intervene because he had no ownership interest in the shrimp. In order to intervene, a party must have, *inter alia*, a right or interest in the subject of litigation. *See, e.g., Lambert v. Mult. Co. Civil Ser. Com. et al*, 227 Or 432, 434, 363 P2d 54 (1961). The state makes two arguments against the owner's right to intervene. The first argument is that,

"[w]hen the load of shrimp was seized and found by the court to have been illegally taken by [the captain of the boat,] any ownership interest that [Gunnari] might have had if the shrimp had been lawfully taken was lost. *See State v. Crampton*, 30 Or App 779, 785, 568 P2d 680 (1977) *rev den* 281 Or 99 (1978) ('[W]henever a statute enacts that upon the commission of a certain illegal act specific property used in or connected to the act will be forfeited, *the forfeiture takes effect immediately upon the commission of the act; the right*

---

[1] ORS 506.690(2) provides:

"Any fish seized under the provisions of subsection (1) of this section may be disposed of, sold, preserved or used for food purposes, under the rules of the commission, to prevent loss or spoilage. *At the time that the court passes sentence or orders bail forfeited in the criminal prosecution of the commercial fishing laws*, the court may order that any fish seized under subsection (1) of this section or the proceeds from the sale of such fish be forfeited." (Emphasis supplied.)

*to the property then vests in the state*[.]'). Because appellant did not have any property interest in the unlawfully harvested shrimp, he had no possessory interest that conferred standing on him to intervene in the forfeiture proceeding." (Emphasis supplied.)

Under the state's argument, no owner could ever have standing to intervene in a forfeiture proceeding, because all right and title to the property would vest in the state the moment the illegal act took place. In effect, the state asks us to adopt a position that would render all forfeiture procedures and the Fourth Amendment a nullity. *Crampton* does not support such an extreme position. Rather, *Crampton* stands for the proposition that the state gets a partial interest in property upon commission of certain illegal acts, but that full title to the property is not perfected in the state until there is a forfeiture proceeding. 30 Or App at 785. Under *Crampton*, if owner had an interest in the shrimp prior to the illegal harvest, he would have standing.

■     The state's other argument is that an individual can never have an interest in illegally harvested wildlife. Under ORS 498.002, all wildlife is the property of the state. Individuals have no property interest in fish taken without the state's permission. *See Alsos v. Kendall et al*, 111 Or 359, 371, 227 P 286 (1924). Because Gunnari never had an interest in the illegally harvested shrimp, his motion to intervene was improperly granted. Consequently, we do not reach his assignment of error.

Affirmed.