Argued and submitted March 24, reversed and remanded for reconsideration
May 25, 1994

ALBERTSON'S, INC.,
a Delaware corporation,
*Petitioner,*

*v.*

BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

(01-91; CA A75379)

874 P2d 1352

Corbett Gordon argued the cause for petitioner. On the briefs were David H. Wilson and Bullard, Korshoj, Smith & Jernstedt.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, Philip Schradle, Assistant Attorney General, and Robert B. Rocklin, Assistant Attorney General.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.

WARREN, P. J.

## WARREN, P. J.

Albertson's, Inc. (Albertson's) seeks review of an order of the Commissioner of the Bureau of Labor and Industries (BOLI) that imposed civil penalties of $128,750 for violations of the state child labor laws. The order imposed fines on Albertson's for failing to keep records relating to the employment of minors in an accessible place and failing to make those records available to BOLI, in violation of OAR 839-21-175;[1] for failing to file completed employment certificates within 48 hours after hiring each of 205 minors, in violation of OAR 839-21-220(1)(b) and (3);[2] and for employing 51 minors without first verifying the minors' ages by requiring them to produce work permits, in violation of OAR 839-21-220(1)(a).[3] We reverse.

■　BOLI first argues that we should not consider any of Albertson's assignments of error because of its failure to comply with ORAP 5.45(4), which requires that each assignment of error "set out verbatim the pertinent portions of the record, if it relates to a specific ruling that is being challenged." Because any technical defects have not hampered

---

[1] OAR 839-21-175 provides:

"(1) All records required to be preserved and maintained by OAR 839-21-001 to 839-21-500 shall be preserved and maintained for a period of at least two years.

"(2) All employers shall keep the records required by OAR 839-21-001 to 839-21-500 in a safe and accessible place.

"(3) All records required to be preserved and maintained by OAR 839-21-001 to 839-21-500 shall be made available for inspections and transcription by the Executive Secretary or duly authorized representative of the Executive Secretary."

[2] OAR 839-21-220 provides, in part:

"(1) Unless otherwise provided by rule of the Commission, no minor 14 through 17 years of age shall be employed or permitted to work unless the employer:

"(a) Verifies the minor's age by requiring the minor to produce a Work Permit; and

"(b) Complies with the provisions of this rule.

"\* \* \* \* \*

"(3) Within 48 hours after the hiring of a minor, or of permitting a minor to work, an employer shall file a completed Employment Certificate Form by taking or mailing the completed form to any office of the Bureau of Labor and Industries."

[3] See note 2, supra.

our review, we exercise our discretion to consider the assignments raised in Albertson's brief. *See State v. Burghart*, 120 Or App 408, 852 P2d 922 (1993); *State v. Alvord*, 118 Or App 111, 846 P2d 432 (1993); *see also* ORAP 5.50(5).

■    Albertson's first assigns error to the Commissioner's ruling that she has the authority to impose fines in this case. ORS 653.370(1) provides:

"In addition to any other penalty provided by law, the Commissioner of the Bureau of Labor and Industries may impose upon any person not regulated under the Federal Fair Labor Standards Act [29 USC § 201 *et seq* (FLSA)] who violates ORS 653.305 to 653.370 or any rule adopted by the Wage and Hour Commission thereunder, a civil penalty not to exceed $1,000 for each violation."

The Commissioner concluded that:

"[Albertson's] was not regulated under the Fair Labor Standards Act with regard to Employment Certificates, Work Permits, and child labor recordkeeping requirements. ORS 653.370(1); OAR 839-19-100(1)(c) and (2)."

Albertson's argues that it is regulated under the FLSA, including that Act's child labor provisions. BOLI does not argue that Albertson's is not subject to the FLSA, or that the FLSA does not provide some regulation of child labor matters that applies to Albertson's. Instead, BOLI argues that "an employer is not 'regulated under' the FLSA where that Act does not impose similar requirements" as the state law. Because federal law does not require work permits and employment certificates, BOLI asserts that Albertson's is not regulated under the FLSA.

OAR 839-19-100 provides, in part:

"(1)   The provisions of OAR 839-19-000 to 839-19-025 [relating to civil penalties for child labor violations] do not apply when minors are employed under the following circumstances:

"* * * * *

"(c)   When the employer is regulated under the child labor provisions of the Federal Fair Labor Standards Act (29 U.S.C. 201, et. seq.).[4]

---

[4] There is nothing in ORS 653.370(1) that refers to the child labor provisions of the FLSA.

"(2)   As used in subsection (1)(c) of this rule, 'regulated under' means that the employer must be actively regulated by the child labor provisions of the Federal Fair Labor Standards Act. Employers employing minors whose employment is exempt from that act or the rules and regulations adopted thereunder are not 'regulated under' the Federal Fair Labor Standards Act. Employers employing minors whose employment is not regulated under that Act because the Wage and Hour Divison [sic] of the U.S. Department of Labor has decided to take no action in connection with the employment, are not 'regulated under' the Federal Fair Labor Standards Act."

The Commissioner cited OAR 839-19-100 in her order in support of imposition of civil penalties. However, she did not make any findings or include any discussion supporting her conclusion that Albertson's was not regulated under the FLSA. Further, although any necessary findings and discussion must be contained in the order, it is noteworthy that BOLI does not rely on or even mention the rule in its brief.

■        When an agency has the authority to adopt rules and does so, it must follow them. "An agency is not authorized to act contrary to its rules * * *." *Harsh Investment Corp. v. State Housing Division*, 88 Or App 151, 157, 744 P2d 588 (1987), *rev den* 305 Or 273 (1988). Other than her mere citation of it, there is no other indication in the order that the Commissioner applied the rule. There are no findings either that Albertson's minor employees are in employment that is exempt from the FLSA, or that the federal enforcing agency has decided to take no action in connection with those minors' employment. Because the Commissioner failed to make findings or explain why Albertson's fits within the rule relating to her authority to impose civil penalties, we remand for reconsideration.[5]

Reversed and remanded for reconsideration.

---

[5] Albertson's argues to us that the rule is invalid. However, the Commissioner did not have an opportunity to consider Albertson's arguments about the rule's validity. We will not address the merits of the rule before the Commissioner has had an opportunity to do so. Our failure to address the issue does not imply any view about the validity or invalidity of the rule.