Argued and submitted February 16, reversed and remanded for reconsideration in part; otherwise affirmed July 6, 1994

In the Matter of the Compensation of
Valorie L. Leslie, Claimant.

Valorie L. LESLIE,
*Petitioner,*

*v.*

U.S. BANCORP,
*Respondent.*

(WCB 92-02861; CA A80200)

877 P2d 648

Donald Hooton argued the cause for petitioner. On the brief was Michael R. Dehner.

William H. Walters argued the cause for respondent. With him on the brief were Brian B. Doherty and Miller, Nash, Wiener, Hager & Carlsen.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

■ Claimant seeks review of an order of the Workers' Compensation Board that denied her compensation. We affirm in part and reverse and remand in part.[1]

Claimant compensably injured her shoulder. After treatment, she returned to light-duty work. Later, employer issued a notice of closure that awarded her unscheduled disability and temporary disability benefits. Claimant asked for reconsideration of the notice of closure. The Department of Insurance and Finance (DIF)[2] increased claimant's unscheduled disability and awarded her additional temporary disability benefits. Claimant requested a hearing, asserting that she was entitled to scheduled disability and an increase in unscheduled disability, and that employer had failed to pay the temporary disability benefits awarded on reconsideration. The Board increased claimant's unscheduled disability, but found that no temporary disability benefits were due. It also concluded that, because claimant had not advanced the issue of scheduled disability on reconsideration before DIF, she was precluded from raising it at the hearing before the referee.

■ Claimant's first assignment of error is directed at the Board's conclusion that she was not entitled to additional temporary disability benefits. Employer paid temporary disability benefits up to the time claimant was released to full time, modified work. The evidence shows that when claimant returned to work, she worked at a new position that paid higher wages than she was earning before her injury.[3] Although there is some evidence that claimant initially worked part time, there is no evidence that, after returning to

---

[1] Employer asks that we strike claimant's brief, because it does not adequately identify the applicable standards of review. Because the applicable standard of review is discernable from the context of claimant's arguments, we exercise our discretion to consider the assignments of error identified in claimant's brief. *See State v. Burghart,* 120 Or App 408, 852 P2d 922 (1993); *State v. Alvord,* 118 Or App 111, 846 P2d 432 (1993).

[2] That department since has been renamed the Department of Consumer and Business Services. We will refer to the department as DIF, because that was its name at the time it issued the order in this case.

[3] At oral argument, counsel for claimant contended that, because claimant initially worked part time, her actual earnings were less than they were before the injury. There is no evidence in the record that supports that argument.

work, she lost wages because of her injury. Because there is no evidence that claimant lost wages as a result of her injury during the period for which she seeks compensation, the Board did not err in failing to award her additional temporary disability benefits. *See Safeway Stores v. Owsley*, 91 Or App 475, 756 P2d 48 (1988).

Claimant's next assignment is that the Board erred in not awarding attorney fees for "prevailing at hearing over [employer's] cross-appeal of the temporary disability award." The Board found that employer did not cross-appeal on claimant's entitlement to those benefits.[4] Substantial evidence supports that finding. Claimant was not entitled to prevailing party attorney fees. ORS 656.382(2).

Claimant's third assignment is that the Board erred in concluding that she could not raise the issue of whether she was entitled to scheduled permanent disability, because she did not first present that issue on reconsideration before DIF. In reaching that conclusion, the Board relied on its decision in *Raymond L. Mackey*, 45 Van Natta 776 (1993),[5] in which it held that a claimant is required by statute to first present an issue to DIF on reconsideration before the issue may be raised at hearing. Claimant contends that the Board has the authority to "review * * * all issues that were or could have been reconsidered by [DIF]," and that the Board's decision "contravenes" ORS 656.283(7). Employer argues that ORS 656.268(4)(e) and ORS 656.283(7), on which the Board relied, precludes claimant from asserting her right to scheduled disability.

ORS 656.268(4)(e) provides that, "if a worker objects to the notice of closure, the worker must first request reconsideration * * *." Even assuming that ORS 656.268(4)(e) requires a party to raise all possible objections to a notice of closure on reconsideration before DIF, it is silent about what issues can be raised at hearing.

---

[4] Although employer did not specifically cross-appeal claimant's entitlement to additional temporary disability benefits, it did question whether any additional temporary disability benefits were due. The Board found that claimant was entitled to "an award of temporary partial disability equal to zero."

[5] The petition for judicial review in *Mackey* is pending before this court. *Mackey v. Dow Corning, Inc.* (CA A79594).

ORS 656.283(7) does not support employer's argument. It provides, in part:

"Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence at hearing * * *."

That language provides authority for the referee to consider *evidence* that could not have been submitted to DIF on reconsideration. *See Safeway Stores, Inc. v. Smith*, 122 Or App 160, 857 P2d 187 (1993). It is silent about whether a party may raise *issues* at hearing that the party failed to present on reconsideration under ORS 656.268(4)(e). Employer provides no other authority in ORS chapter 656 or the administrative rules, and we have found none, that would preclude claimant from raising an issue at hearing that was not raised before DIF on reconsideration. We conclude that neither ORS 656.268(4)(e) nor ORS 656.283(7) precludes a claimant from raising an issue for the first time at hearing.[6] Claimant should have been allowed to raise her entitlement to scheduled permanent disability before the referee.

Claimant's fourth assignment is that the Board erred in finding that her disability should be rated as of the date of the notice of closure. Employer concedes that claimant is correct, and we accept that concession. *See Safeway Stores v. Smith, supra.*

■ Claimant's final assignment is that the Board erred in refusing to remand the issue of her entitlement to unscheduled disability to the director of DIF for promulgation of temporary rules amending the rating standard. The Board, relying on its decision in *Gary D. Gallino*, 44 Van Natta 2506 (1992), said that the director has the exclusive authority to make findings about whether a worker's disability is addressed by the ratings standards and held that it was without authority to remand. We have since held that the Board has the authority to review the director's application of existing rating standards and to remand in appropriate circumstances. *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 541, 836 P2d 530 (1993).

---

[6] We need not decide whether the Board has the *discretion* to require that a claimant must, before raising an issue at hearing, present that issue on reconsideration before DIF.

Employer argues that, notwithstanding our decision in *Gallino*, we should affirm on this assignment, because the referee concluded that claimant had not presented evidence that would support a request to remand this matter for promulgation of a temporary rating rule. In light of the Board's statement that the director has the exclusive authority to make findings about whether a worker's disability is addressed by the ratings standards, we cannot tell if the Board considered whether or not the referee's conclusion was correct.

Reversed and remanded for reconsideration of award of permanent disability; otherwise affirmed.