Argued and submitted December 14, 1995, affirmed February 21, petition for review denied June 18, 1996 (323 Or 483)

Diana JACKSON,
*Appellant,*

*v.*

FRED MEYER, INC.,
a Delaware corporation,
*Respondent.*

(94CV0266; CA A85672)

911 P2d 957

Charles Robinowitz argued the cause and filed the briefs for appellant.

Michael T. Stone argued the cause for respondent. With him on the brief were Frank A. Moscato and Moscato, Byerly & Skopil.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a summary judgment dismissing her personal injury claim against defendant, her former employer. ORCP 47. The trial court held that plaintiff's exclusive remedy was under the Workers' Compensation Act. Plaintiff argues that the Act violates Article I, section 10, of the Oregon Constitution, because it takes away her common law remedy against defendant. We affirm.

Plaintiff filed a workers' compensation claim for a work-related injury that occurred in September 1990. She claimed that the injury "aggravated a pre-existing condition in her right wrist." Defendant accepted the claim, and in June 1991, the Department of Insurance and Finance declared plaintiff medically stationary as of May 29, 1991. However, plaintiff continued to send defendant's insurer medical bills for treatment that occurred after May 29. In response, the insurer sent plaintiff a letter denying compensability for those treatments because her "current need for medical care [was] *unrelated* to [her] original industrial injury." (Emphasis supplied.)

Plaintiff filed a request for hearing with the hearings division, but in February 1994, plaintiff and defendant entered into a "disputed claim settlement" in which plaintiff agreed to dismiss her request for hearing. The summary judgment record contains a letter from plaintiff's attorney to defendant's attorney, which states in part:

> "I want to confirm our telephone conversation of February 2, 1994 in which you told me that [defendant] has agreed to pay $4,000 to [plaintiff] as part of a Disputed Claim Settlement involving the denial of March 17, 1992. This settlement resolves all claims for time loss, medical bills, permanent disability, attorney's fees and all other claims which [plaintiff] could have made relating to the denial of March 17, 1992.

> "We also discussed the possibility of settling a potential negligence action by [plaintiff] against [defendant] on the grounds that her claim relating to her right wrist fusion was not compensable as a workers' compensation claim. We agreed that the Disputed Claim Settlement agreement will not act as a bar to this type of claim, and Fred Meyer will not

assert this agreement as a defense to that type of claim, if [plaintiff] decides to pursue it."

Plaintiff thereafter filed this action against defendant, alleging that defendant's negligence in September 1990 caused her damages.

Defendant moved for summary judgment on plaintiff's claim, arguing that under ORS 656.018 (since amended by Or Laws 1995, ch 332, § 5), her exclusive remedy was under the Workers' Compensation Act. In particular, defendant relied on our holding in *Errand v. Cascade Steel Rolling Mills, Inc.*, 126 Or App 450, 869 P2d 358 (1994), *rev'd* 320 Or 509, 888 P2d 544 (1995), in which we held that the Workers' Compensation Act provides the exclusive remedy against employers for work-related injuries to workers. Plaintiff countered that our decision in *Errand* violated section 10 because under its holding, workers injured by employer negligence were left without any remedy if their injuries were noncompensable. The trial court disagreed and granted summary judgment against plaintiff.

Sometime after the court granted summary judgment in this case, the Oregon Supreme Court issued its opinion in *Errand v. Cascade Steel Rolling Mils, Inc.*, 320 Or 509, 888 P2d 544 (1995), holding that ORS 656.018(2) did not prohibit a worker from bringing a common law claim of negligence against an employer when a workers' compensation claim had been denied. On appeal in this case, plaintiff initially argued that the trial court erred in granting summary judgment, based on the holding in *Errand*. However, before plaintiff filed her reply brief, the legislature amended ORS 656.018(2), *see* Or Laws 1995, ch 332, § 5, and plaintiff now concedes that the amendment effectively overrules the Supreme Court's holding in *Errand*. Consequently, she contends that the amended statute violates Article I, section 10, which provides that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

ORS 656.018(2), as amended, provides:

"The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries,

diseases, symptom complexes or similar conditions arising out of and in the course of employment are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition."

Plaintiff argues that the statute violates section 10 because, at common law, she was only required to prove that the employer's negligence was *a* substantial factor in causing her injury; under the Workers' Compensation Act, she is required to prove the employment is *the* major contributing cause of her condition. *See* ORS 656.005(7)(a). Thus, as we understand plaintiff's argument, she asks us to hold that the statute is unconstitutional as to those workers whose injuries are work-related but who cannot show that their injuries were the major contributing cause of their current medical conditions.

■      Before we undertake the determination of that issue, we must first decide whether plaintiff has presented us with " 'an actual factual setting that makes such a decision necessary.' " *Stevens v. City of Cannon Beach*, 317 Or 131, 147, 854 P2d 449 (1993) (quoting *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 US 264, 294-95, 101 S Ct 2352, 69 L Ed 2d 1 (1981)), *cert den* 510 US 1207, 114 S Ct 1332, 127 L Ed 2d 679 (1994). As the Oregon Supreme Court stated in *Gortmaker v. Seaton*, 252 Or 440, 450 P2d 547 (1969):

"It is fundamental to appellate jurisprudence that courts do not sit 'to decide abstract, hypothetical, or contingent questions * * * or to decide any constitutional question in advance of the necessity for its decision.' " *Id.* at 442 (quoting *Alabama State Federation of Labor v. McAdory*, 325 US 450, 461, 65 S Ct 1384, 89 L Ed 1725 (1945)).

■■      In this case, we conclude that plaintiff has not provided us with an actual factual setting that properly

frames the issue of the statute's constitutionality.[1] The summary judgment record shows that plaintiff was not completely deprived of a remedy. Under section 10, the legislature has the authority to limit common law remedies as long as it does not leave the injured party entirely without a remedy. *Hale v. Port of Portland*, 308 Or 508, 523, 783 P2d 506 (1989). Defendant accepted compensability of the original injury that occurred in September 1990, and later paid plaintiff $4,000 to settle the claims made after she was declared medically stationery. As a result, plaintiff does not fall within the class of persons who are denied a remedy because they cannot prove that their work-related injuries are the major contributing cause of their conditions. We therefore decline to consider plaintiff's contention and affirm the trial court for that reason.

Affirmed.

---

[1] In *Errand*, the Workers' Compensation Board had held that the plaintiff had not established that his condition was compensable because work was not the major cause of his condition.