Argued and submitted January 24, reversed and remanded in part; otherwise affirmed April 17, 1996

CITY OF PORTLAND,
a political subdivision of the State of Oregon,
*Appellant - Respondent,*

*v.*

ONE PARCEL OF REAL PROPERTY,
Lot 7, Block 10, North Albina Addition,
City of Portland, County of Multnomah,
State of Oregon,
with the common address of 5623 N. Maryland,
Portland, Oregon 97217,
*Defendant in rem,*

Elia LOPEZ-AGUILERA,
*Respondent,*

*and*

Jesus GUILLEN,
*Appellant.*

(9308-05361; CA A86612)

914 P2d 1136

Jeffrey S. Ratliff, Deputy District Attorney, argued the cause for appellant City of Portland. With him on the briefs were Michael D. Schrunk, District Attorney, and Gayle A. Brooks.

James F. Callahan argued the cause and filed the brief for appellant Guillen.

Constance Crooker argued the cause and filed the brief for respondent Lopez-Aguilera.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff City of Portland (City) brought this forfeiture proceeding against the subject real property under Oregon Laws 1989, chapter 791, as amended by Oregon Laws 1991, chapter 934 (Act).[1] Two claimants, Jesus Guillen and Elia Lopez-Aguilera, asserted interests in the property and contested City's right to forfeiture. City and Lopez-Aguilera filed motions for summary judgment. ORCP 47 C. The trial court dismissed Guillen's claim but granted summary judgment to Lopez-Aguilera, dismissing City's action and confirming her right to the property. Guillen appeals from the dismissal of his claim, and City appeals from the judgment in favor of Lopez-Aguilera. We affirm on Guillen's appeal, reverse on City's appeal, and remand for entry of judgment in favor of City.

For purposes of summary judgment, the following facts are uncontroverted. On July 23, 1993, Lopez-Aguilera and her then husband were arrested on drug-trafficking charges for conduct that occurred on the subject property. After the arrests, City gave notice that it would seek forfeiture of the property. At the time of the arrests, Lopez-Agui lera was the sole owner of the property. On August 3, she executed a quitclaim deed, transferring all her right, title and interest in the property to Guillen, her son. City filed its complaint for civil forfeiture on August 20, 1993. On September 23, the claimants filed separate claims of interest in the property and motions to waive the bond required by section 7(2)(a) of chapter 791. City opposed the motions to waive the required bonds. The trial court granted Lopez-Aguilera's motion. In November 1993, Lopez-Aguilera pleaded guilty to one of the charges stemming from her July 23 arrest and was subsequently deported to Mexico. The trial court entered summary judgment in November 1994, and these appeals resulted.

■ We first discuss Guillen's appeal from the summary judgment in favor of City. City argued to the trial court that Guillen's affidavit in support of his motion to waive the bond

---

[1] The chapters were inserted, but not codified, at the beginning of ORS chapter 166. We refer to the section numbers printed there.

was conclusory in nature because it disclosed no details about income, employment history, arrests or monthly debts, and that, therefore, Guillen had failed to show good cause for waiving the bond requirement. Guillen countered that his affidavit was sufficient to meet the requirements of the law. The trial court concluded:

> "[Guillen] filed his claim of interest in September, 1993, together with a motion to waive the bond required by [section 7(2)(a)]. No hearing was ever held on the motion to waive bond until the time of trial. I perceive no substantial reason to waive the requirement of [section 7(2)(a)], so [Guillen] is in default. His claim of interest is dismissed."

Section 7(2)(a) provides the procedure by which a person may claim an interest in the property seized for forfeiture:

> "A person claiming an interest in the property shall respond as provided in the Oregon Rules of Civil Procedure and, if a claim has not previously been filed, by filing a claim in the form set forth in section 6(3), chapter 791, Oregon Laws 1989, with the court and posting a bond with the court. The bond shall be a cash bond in an amount equal to 10 percent of the value of the interest claimed by the person in the property. Upon good cause shown by motion and affidavit filed with the initial appearance, the court may waive or reduce the bond. Failure to file an appearance, claim and bond shall constitute a default. The bond shall be returned to the claimant upon the entry of a final determination on the claim."[2]

Guillen's "affidavit" stated in its entirety:

> "I, [Guillen], hereby affirm that I am indigent and am unable to post ten percent (10%) of the value of the above

---

[2] City also argues that Guillen's motion to waive the bond was not "timely," because it was not filed with his "initial appearance," as provided in section 7(2)(a). A few weeks before Guillen filed his claim of interest and motion to waive the bond, he filed a motion, pursuant to section 5(8), for an order requiring city to show cause "whether probable cause for the forfeiture exists." City maintains that the earlier motion constitutes the "initial appearance" referred to in section 7(2)(a), and that because Guillen did not file his motion to waive the bond with the show cause motion, his motion was thereafter untimely. To the extent, if any, that the trial court based its decision on the timeliness of Guillen's motion to waive the bond, we express no opinion as to the correctness of that reasoning.

real property in order to appear and defend my interest in the property in this civil forfeiture case."

■ Section 7(2)(a) requires a bond as a predicate to the claim of an interest in property subject to forfeiture and states that the court "may" waive or reduce the bond. Thus, the trial court had discretion in determining whether to waive or reduce the bond requirement, and we will not overturn its decision unless it was clearly against the evidence and reason. *Lutz v. State of Oregon*, 130 Or App 278, 285, 881 P2d 171 (1994). The section also places the burden on the claimant to show good cause to waive the bond requirement and contemplates that a claimant provide adequate information to the court to enable it to exercise its discretion.

Before moving for summary judgment, City requested production of documents regarding Guillen's income and assets, but Guillen did not respond. Guillen's motion to waive the bond remained undecided at the time of the summary judgment hearing, and he had not previously requested a hearing on it. The apparent reasoning of the trial court for its ruling was that claimant had not demonstrated a reason why the bond should be waived. In the light of the conclusory nature of Guillen's affidavit and his failure to provide more detailed information, we hold that the trial court did not abuse its discretion when it ruled in favor of City.

Guillen also argues that the section's requirement for a bond violates Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution. In particular, he argues that indigents making claims in a forfeiture action under chapter 791 are treated differently from other civil litigants. However, he did not make that argument below, and we decline to consider it for the first time on appeal. We conclude that the trial court did not err in granting summary judgment to City on Guillen's claim.

■ We now turn to Lopez-Aguilera's claim.[3] City argues that, because she deeded all her interest in the property to

---

[3] Lopez-Aguilera asserts that city's opening brief should be stricken for several violations of ORAP 5.05, 5.35, 5.45 and 5.50. Assuming, without deciding, that the brief suffers from the technical defects complained of, such defects have not hampered our review. We therefore exercise our discretion to consider the assignments

Guillen before the forfeiture action was filed, Lopez-Aguilera has no interest on which to base a claim. Section 7(2)(a) states that any person "claiming an interest in the property" may file a claim. The trial court concluded that for purposes of determining who held the legal claim of interest in the subject property, section 12 controlled and that the relevant date was the date on which the illegal activity occurred. Because Lopez-Aguilera owned the property on that date, it ruled that she could make a claim. Alternatively, Lopez-Aguilera argues that she has an "equitable interest in the property." She says:

> "Even though [she] was personally incarcerated and then deported, she maintained a possessory interest in her home in that her minor children continued to reside there in the care of relatives, and her personal possessions, household furniture and appliances are still located in the home. Since she continues to assert a possessory interest greater than that of the seizing agency, she has standing."

The question is whether the legislature intended the kind of interest that Lopez-Aguilera asserts to be a cognizable basis for a claim under the sections. We look first to the text and context of the sections. Section 7(2)(a) does not define what constitutes an interest in the property, nor does section 12. The latter is about title to the subject property vesting in the agency claiming the forfeiture after the completion of the action.[4] However, there are other sections that are helpful in defining the requisite interest. Section 9(3)(a), provides:

> "If the court has determined that the property should not be forfeited * * * the court shall render judgment in favor of the owner of the property[.]"

Additionally, the forfeiting agency is required to give notice of proceedings under chapter 791 to "all persons known to have an interest in the property." *See* section 7(3) (requiring the

---

raised in the brief. *Albertson's, Inc. v. Bureau of Labor and Industries,* 128 Or App 97, 99-100, 874 P2d 1352 (1994).

[4] Section 12 provides:

"Subject to this Act, all right, title and interest in property forfeited under this Act shall vest in the forfeiting agency upon commission of the prohibited conduct."

forfeiting agency to serve such persons with the summons and complaint of a civil action *in rem*); section 5(4)(b) (requiring the agency to give notice to such persons before the court may sell, lease, rent or operate seized property pending final disposition); section 5(2) (allowing the seizing agency, if it decides not to seek forfeiture of the property, to release the property to someone other than the previous possessor after first notifying "all persons known to have an interest in the property"). Under section 2(1), "All persons known to have an interest" means:

"(a)   Any person who has, prior to the time the property is seized for forfeiture, filed notice of interest with any public office as may be required or permitted by law to be filed with respect to property which has been seized for forfeiture;

"(b)   Any person from whose custody the property was seized; or

"(c)   Any person who has an interest in the property, including all owners and occupants of the property, whose identity and address is known or is ascertainable upon diligent inquiry and whose rights and interest in the property may be affected by the action."

■      It is clear from the above context that the legislature intended to include those persons who are commonly considered as holding an interest in real property—the owners and the occupiers. Under the statute, the person who owns the property before the illegal activity occurred continues to have an interest in the property until the agency seeking forfeiture has prevailed. If the agency does not prevail, the owner retains the interest as if there had been no forfeiture. *State v. Kelly*, 123 Or App 528, 531, 860 P2d 843 (1993).

Lopez-Aguilera falls within none of these categories. At the time of the forfeiture action, she no longer owned the property, no longer occupied it, and there is no evidence that she would retain any ownership interest in the property if it was not forfeited. The only evidence in the summary judgment record of any asserted possessory interest comes from her deposition, in which she states that her son Guillen, her brother, and her 16-year-old son[5] live in the house. There is

---

[5] Lopez-Aguilera does not make a claim of interest on behalf of her minor son. *See United States v. 281 Syosset Woodbury Rd.*, 791 F Supp 61 (EDNY 1992). We

no evidence that her personal belongings remain there, nor is there evidence that she intends to live there again. We conclude that Lopez-Aguilera does not hold the type of interest necessary to make a claim under section 7(2)(a). The trial court should have dismissed her claim.

█    Because she lacks a cognizable interest in the subject property, we do not reach Lopez-Aguilera's arguments about the constitutionality of the sections. *Jackson v. Fred Meyer*, 139 Or App 222, 226, 911 P2d 957 (1996). Lopez-Aguilera also argues that, because City did not separately assign error to the grant of attorney fees, we should not vacate the supplemental judgment for attorney fees. ORS 20.220(3)(a) provides:

> "If the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed[.]"

Because the judgment for Lopez-Aguilera must be reversed, it follows that the fee award in her favor must also be reversed. Furthermore, because there are no valid claims challenging the forfeiture action, the court should grant city's summary judgment motion on remand.

Reversed and remanded on Lopez-Aguilera's claim with instructions to vacate award of attorney fees and to allow city's motion for summary judgment; otherwise affirmed.

---

therefore need not decide whether her minor son has a cognizable claim of interest in the property.