Submitted on record and briefs May 12, reversed and remanded for reconsideration
August 4, 1993

In the Matter of the Compensation of
Heather I. Smith, Claimant.
SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Heather I. SMITH,
*Respondent.*

(WCB 91-05062; CA A77600)

857 P2d 187

Kenneth L. Kleinsmith and Meyers & Radler, Tigard, filed the brief for petitioner.

Daryll E. Klein, Milwaukie, and Francesconi & Associates, Portland, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board affirming the referee's award of unscheduled permanent partial disability. We reverse.

■ The only facts necessary to our opinion are that claimant was not employed at the time the determination order was issued, but was employed part time when the order on reconsideration of the determination order issued. In determining claimant's adaptability for purposes of rating disability, the Board considered claimant's work status as of the time the determination order issued. Employer argues that adaptability should be rated as of the date of the reconsideration order. We agree with employer.

When a determination order issues, a claimant or employer who objects to the order must first request reconsideration. ORS 656.268(5). If any party objects to the reconsideration order, the party may request a hearing before a referee, pursuant to ORS 656.283. ORS 656.268(6)(b). "Evaluation of the worker's disability by the referee shall be as of the date of issuance of the reconsideration order pursuant to ORS 656.268." ORS 656.283(7). Under ORS 656.726(3)(f)(A),

"[t]he criteria for evaluation of disabilities * * * shall be permanent impairment due to the industrial injury as modified by the factors of age, education and adaptability to perform a given job."

Although the Board acknowledged the directive of ORS 656.283(7) to determine disability as of the date the reconsideration order is issued, it nonetheless rated claimant's adaptability as of the date of the determination order. It considered the legislative history of ORS 656.283(7), and concluded that the legislature did not intend that changes in a claimant's work status between the date of the determination order and the date of the reconsideration order should be taken into account in determining adaptability for purposes of rating the extent of disability. It also relied on ORS 656.268(5), which limits the evidence that may be submitted at the reconsideration proceeding. Because evidence of a change in a claimant's work status after the determination order cannot be submitted on reconsideration, the Board

reasoned that that change cannot be considered by the referee at a hearing challenging the reconsideration order.

The Board erred. The statutory language is not ambiguous and, therefore, is not open to construction. It directs that the referee *shall* evaluate the claimant's disability "as of the date of the reconsideration order pursuant to ORS 656.268." Evaluation of disability includes the claimant's adaptability to perform a given job. ORS 656.726 (3)(f)(A).

■      Further, the Board's reliance on ORS 656.268(5) is misplaced. Although the evidence that may be submitted on reconsideration before DIF is limited to correcting erroneous information and certain medical evidence that should have been but was not submitted at the time of claim closure, ORS 656.268(5), the evidence that may be submitted at the hearing before the referee is not so limited. ORS 656.283(7) provides, in part:

> "Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence at hearing * * *."

The referee is directed to evaluate disability as of the date of issuance of the reconsideration order. ORS 656.283(7). There is no limitation similar to ORS 656.268(5) on the evidence that the referee may consider in making that evaluation. The result of ORS 656.268(5) and ORS 656.283(7) is to allow the referee to consider evidence that could not have been submitted to DIF on reconsideration. Although that result seems curious, it is compelled by the statutes.

Accordingly, we remand for the Board to determine claimant's adaptability as of the date of the reconsideration order and to adjust the award based on that determination of adaptability, if necessary.

Reversed and remanded for reconsideration.