In the Matter of the Compensation of
Lonnie F. Scheller, Claimant.

Lonnie F. SCHELLER,
*Petitioner,*

*v.*

HOLLY HOUSE
and SAIF Corporation,
*Respondents.*

(WCB 92-00964; CA A79200)

865 P2d 475

Stanley Fields argued the cause for petitioner. With him on the brief was Michael B. Dye.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that medical reports, prepared after an order on reconsideration, were inadmissible in a hearing before a referee. We review for substantial evidence and errors of law, ORS 656.298(6) and ORS 183.482(8), and reverse.

Claimant injured her right knee on May 18, 1990. A determination order on July 30, 1991, awarded no permanent partial disability. A January 17, 1992, order on reconsideration affirmed the determination order. On reconsideration, no one disagreed with the impairment used in rating claimant's disability, and no medical arbiter was requested or appointed. Claimant subsequently requested a hearing. At the hearing, she introduced two medical exhibits that were prepared after the order on reconsideration. Based on those exhibits, the referee awarded claimant 5 percent permanent partial disability. SAIF appealed the referee's award, claiming that the two exhibits were inadmissible; the Board agreed and reversed the referee. Claimant seeks review of the Board's order, arguing that the exhibits were admissible before the referee.

The procedures a referee uses when conducting a hearing are set out in ORS 656.283. ORS 656.283(7) provides, in part:

"Except as otherwise provided in this section and rules of procedure established by the board, the referee is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice. * * * Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence at hearing * * *."

SAIF argues that a claimant's right to present evidence is limited by ORS 656.268(7), which provides, in part:

"If the basis for objection to a notice of closure or determination order issued under this section is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter appointed by the director. At the request of either of the parties, a panel of three medical arbiters shall be appointed. * * * The

findings of the medical arbiter or panel of medical arbiters shall be submitted to the department for reconsideration of the determination order or notice of closure, and no subsequent medical evidence of the worker's impairment is admissible before the department, the board or the courts for the purpose of making findings of the impairment on the claim closure."

SAIF contends that under that provision no medical information obtained after the reconsideration process is admissible before the Board or courts on the issue of impairment.

In *Pacheco-Gonzalez v. SAIF*, 123 Or App 312, 860 P2d 822 (1993), a medical arbiter's report was ordered, but not completed until after the order on reconsideration. The Board, in that case found that the referee could not consider the arbiter's report at the hearing. We reversed the Board and held that ORS 656.208(7) "prohibits the admission of evidence developed *after* the medical arbiter's report." Where, as here, no medical arbiter was appointed, the limitation in ORS 656.268(7) does not apply. The applicable statute is ORS 656.283(7), which contains no such limitation on a worker's right to submit evidence. *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 163, 857 P2d 187 (1993). Under these circumstances and under ORS 656.283(7), the medical reports were admissible.

Reversed and remanded for reconsideration.