Argued and submitted May 20, reversed and remanded for reconsideration
June 29, 1994

In the Matter of the Compensation of
Tamara Sigler, Claimant.

Tamara SIGLER,
*Petitioner,*

*v.*

A & B AUTOMOTIVE
and Liberty Northwest Insurance Corporation,
*Respondents.*

(91-14416; CA A80712)

877 P2d 126

Scott Lumsden argued the cause for petitioner. On the brief was Michael R. Dehner.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Rossman, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

PER CURIAM

**PER CURIAM**

Claimant seeks review of a Workers' Compensation Board order denying her compensation. The Board's determination that she failed to prove entitlement to an award of impairment is supported by substantial evidence. Claimant concedes that our recent decision in *Hathaway v. Health Future Enterprises*, 125 Or App 549, 865 P2d 503, *rev allowed* 319 Or 80 (1994), requires that we reject her third assignment of error. The only remaining question is whether the Board erred in declining to consider a medical report claimant submitted after issuance of an order on reconsideration. We conclude that it did and reverse.

In December, 1990, claimant injured her neck in a work-related automobile accident. The claim was closed on May 15, 1991, with no award for permanent partial disability. An October 15, 1991, order on reconsideration affirmed. Claimant requested a hearing, at which she submitted a medical report prepared on December 31, 1991. The referee affirmed the order. On appeal, the Board, relying on ORS 656.268(7), refused to consider the December 31, 1991, medical report.

We have held that there is no limitation on a claimant's right to submit evidence at hearing. ORS 656.283(7); *Scheller v. Holly House*, 125 Or App 454, 457, 865 P2d 475 (1993), *rev den* 319 Or 36 (1994); *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 163, 857 P2d 187 (1993). The Board erred in refusing to consider the December 31, 1991, medical report.[1]

Reversed and remanded for reconsideration.

---

[1] No medical arbiter was appointed; the only question involves whether the evidence is admissible under ORS 656.283(7).