Argued and submitted January 24, affirmed August 10, petition for review denied
October 4, 1994 (320 Or 271)

In the Matter of the Compensation of
Raymond L. Owen, Claimant.
ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Raymond L. OWEN,
*Respondent.*

(92-11258; CA A80845)

879 P2d 1317

Adam T. Stamper argued the cause for petitioner. With him on the brief was Cowling & Heysell.

Darrell E. Bewley argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Warren and Riggs, Judges.

DEITS, P. J.

## DEITS, P. J.

Employer seeks review of an order of the Workers' Compensation Board affirming an order on reconsideration that awarded claimant 8 percent unscheduled permanent disability. Employer also challenges the Board's award of attorney fees to claimant. We affirm.

Claimant had compensable claims for right knee tendinitis and a low back strain. He was declared medically stationary and the claim was closed by a notice of closure with no award of permanent disability. Claimant requested reconsideration of the impairment decision, asserting that the impairment findings of the attending physician, Dr. Peterson, were wrong. A medical arbiter, Dr. Burr, was appointed. Burr submitted a report to the Department of Insurance and Finance (DIF), finding some disability. Based on those findings, DIF awarded claimant 8 percent unscheduled disability for lost motion in the low back. Employer appealed the reconsideration order. The referee affirmed the permanent partial disability (PPD) award and awarded claimant attorney fees under ORS 656.382(2). Employer then sought Board review, challenging the disability award and seeking a reduction in the award of attorney fees.

■    At the hearing before the referee, employer sought to introduce as evidence reports from two doctors who also had made findings related to claimant's impairment. Neither of those doctors was claimant's attending physician, nor did the attending physician concur in their findings. The referee and Board refused to admit the two reports into evidence, explaining that the introduction of medical evidence related to impairment was limited to the opinions of the medical arbiter and the attending physician at the time of claim closure. Employer assigns error to the Board's refusal to admit the reports.

As the Board explained in its order, ORS 656.245-(3)(b)(B)[1] and ORS 656.268(7)[2] impose limits on the medical

---

[1] ORS 656.245(3)(b)(B) provides, in part:

"A medical service provider who is not an attending physician cannot authorize the payment of temporary disability compensation. Except as otherwise provided in this chapter, only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability."

[2] ORS 656.268(7) provides:

evidence related to impairment that may be admitted before the referee:

"The employer contends that when there is a medical arbiter's opinion *any* prior impairment findings should be considered in weighing the preponderance of the evidence. We disagree.

"In each of the cases cited by the employer, we evaluated only the opinions of the attending physician and the medical arbiter. This is consistent with the statutory mandate that provides: 'Except as otherwise provided in this chapter, only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability.'' ORS 656.245(3)(b)(B); *see also Dennis E. Condor*, 43 Van Natta 2799 (1991). The exception refers to impairment findings made by a medical arbiter appointed pursuant to ORS 656.268(7). *See Easter M. Roach*, 44 Van Natta 1740 (1992). The impairment findings of an independent medical examiner may be used for rating claimant's impairment *only* when the attending physician has ratified those findings. *See Raymond D. Lindley*, 44 Van Natta 1217 (1992)." (Emphasis in original.)

Employer argues that the Board's decision is inconsistent with our decision in *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 857 P2d 187 (1993). Employer contends that in *Smith* we held that there is no limitation on evidence that may be received by a referee when reviewing a reconsideration order. That case is not controlling here, however,

"If the basis for objection to a notice of closure or determination order issued under this section is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter appointed by the director. At the request of either of the parties, a panel of three medical arbiters shall be appointed. The arbiter, or panel of the medical arbiters, shall be chosen from among a list of physicians qualified to be attending physicians referred to in ORS 656.005(12)(b)(A) who were selected by the director in consultation with the Board of Medical Examiners for the State of Oregon and the committee referred to in ORS 656.790. The medical arbiter or panel of medial arbiters may examine the worker and perform such tests as may be reasonable and necessary to establish the worker's impairment. The costs of examination and review by the medical arbiter or panel of medical arbiters shall be paid by the insurer or self-insured employer. The findings of the medical arbiter or panel of medical arbiters shall be submitted to the department for reconsideration of the determination order or notice of closure, and no subsequent medical evidence of the worker's impairment is admissible before the department, the board or the courts for purposes of making findings of impairment on the claim closure."

because it concerned the admission of evidence relating to the determination of adaptability. In *Smith,* we did not address either ORS 656.245(3) or ORS 656.268(7), which specifically govern the admission of medical evidence relating to impairment. The Board did not err in excluding the evidence offered by employer.

■       Employer also argues that the Board erred in its award of attorney fees to claimant, because it failed to make findings and to adequately explain the basis for its award. However, as we said in *Leo Polehn Orchards v. Hernandez,* 122 Or App 241, 857 P2d 213, *rev den* 318 Or 97 (1993), although the Board must consider all of the relevant factors in determining the appropriate amount of attorney fees to be awarded, it is not required to make specific findings as to each one. Here, the Board stated:

> "After considering the factors set forth in OAR 438-15-010(4) and applying them to this case, we agree with the Referee's determination that a reasonable fee for claimant's attorney's services at hearing concerning the extent of unscheduled disability issue is $1,500. In reaching this conclusion, we have particularly considered the attorney's skill and experience, the complexity of the case, and the value of the interest involved, as well as the risk that claimant's attorney's efforts might go uncompensated. We conclude that the attorney fee awarded by the Referee is reasonable."

We conclude that the Board's explanation of its decision was sufficient and that it did not abuse its discretion in awarding attorney fees.

Affirmed.