Argued and submitted January 29, affirmed April 17, 1996

In the Matter of the Compensation of
John P. Plummer, III, Claimant.

PRECISION CASTPARTS CORP.,
*Petitioner,*

*v.*

John P. PLUMMER, III,
*Respondent.*

(WCB No. 93-14478; CA A88689)

914 P2d 1140

Krishna Balasubramani argued the cause for petitioner. With her on the brief were Deborah L. Sather and Stoel Rives.

Robert D. Wollheim argued the cause for respondent. With him on the brief were Patrick K. Cougill and Welch, Bruun, Green & Wollheim.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Employer seeks review of an order of the Workers' Compensation Board, contending that the Board erred in determining the extent of claimant's impairment. We conclude that the Board's order is supported by substantial evidence and affirm it.

Claimant injured his right knee in 1985 while working as manager for Skipper's Seafood Restaurant. In January 1986, the claim was closed by a determination order and claimant received an award of 15 percent scheduled disability for loss of use of the right knee.

In November 1992, while working for employer, claimant sustained a second right knee injury. An order on reconsideration awarded claimant 15 percent permanent partial disability. Employer requested a hearing, contending that it was entitled to an offset of compensation paid on the 1985 claim, pursuant to ORS 656.222 and *former* OAR 436-35-007(3)(a). The statute provides:

> "Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and past receipt of money for such disabilities."

The administrative rule provided, in part:

> "Unless the preponderance of evidence demonstrates that a condition or finding of impairment rated for disability in the prior claim has returned to a normal state, an offset will be applied in a manner provided in this section. A condition or finding is considered returned to a normal state if that condition or finding would not be recognized as an impairment under these rules. (a) A worker is not entitled to be doubly compensated for a permanent loss of use or function for a scheduled body part which would have resulted from the current injury but which has already been produced by an earlier injury and has been compensated by a prior award."

The administrative law judge (ALJ) found that claimant's 1985 injury had resolved before he suffered the 1992 injury. The ALJ affirmed the order on reconsideration and also awarded an additional amount for claimant's chronic inability to repetitively use the right knee, for a total impairment award of 19 percent. The Board adopted the ALJ's order.

In its petition for review, employer contends that the Board erred in failing to consider whether employer was entitled to an offset, in failing to grant an offset without expressly finding that claimant's knee had returned to its normal state after his prior injury, and in awarding 19 percent permanent partial disability. We agree with claimant that the first assignment of error is without merit. The ALJ's order expressly considered the offset question and found that no offset was necessary; the Board affirmed that order.

But for the arguments of the parties, we would have disposed of the second assignment as we disposed of the first. The ALJ's order contains an express finding that claimant's condition had returned to its normal state. The Board's order affirmed and adopted that finding. In their arguments, however, the parties appear to agree that employer's concern is not with an absence of findings but with whether the Board's findings are supported by substantial evidence. That, in turn, depends in part on whether certain 1995 statutory changes, which became effective after the Board's order and after the filing of the petition for review, are applicable to this case.

As amended by Oregon Laws 1995, chapter 332, section 34, ORS 656.283(7) now provides, in part:

> "Evidence on an issue regarding a notice of closure or determination order that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing * * *."

Chapter 332 is intended to be retroactive, section 66(1), and we have held that it generally applies to pending cases. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). There are no express exceptions applicable to the amendment of ORS 656.283(7).

In his response to the second assignment of error, claimant described evidence that had been admitted at the

hearing and that supported the Board's determination that his 1985 injury had resolved. Part of that evidence was claim ant's own testimony, which had not been offered at the proceeding on reconsideration. Employer filed a memorandum of additional authorities and a motion to strike the brief's reference to the testimony, contending that, pursuant to the 1995 amendments to ORS 656.268(7), the testimony is retroactively inadmissible before the ALJ and cannot be considered in determining whether the ALJ's order is supported by substantial evidence. We denied the motion to strike.

The unmistakable import of the text of ORS 656.283(7) is that *any* evidence, including a claimant's testimony concerning the notice of closure or reconsideration order, is inadmissible at a subsequent hearing concerning the extent of the injured worker's permanent disability if not submitted at reconsideration and not made a part of the reconsideration record. However, we need not consider claimant's challenges to the provision in this case, because we conclude that it does not apply. The new language is included in a subsection governing the rules of evidence at hearing; it purports to bar from *admission* at hearing evidence not previously offered on reconsideration. It makes no provision concerning the review of evidence previously and *properly* admitted. Here, claimant's testimony was admissible when it was offered and considered by the ALJ and the Board; its admission was not error and correctly is not assigned as error. That being the case, there is no basis for correcting the Board's action and we review claimant's testimony as we review the other evidence in the record. We reject employer's contention that claimant's testimony concerning the nature of his impairment before the second injury, admissible at the hearing, must be disregarded on review.

Finally, on the merits, we conclude that substantial evidence supports the Board's determination that claimant's 1985 injury had completely resolved at the time of his second injury. Accordingly, we affirm the Board's order denying employer's request for an offset for compensation previously awarded. The Board's award of 19 percent scheduled permanent partial disability is also supported by substantial evidence.

Affirmed.