Argued and submitted April 16, reversed and remanded July 16, 1997, petition for review denied January 27, 1998 (326 Or 389)

In the Matter of the Compensation of
Linda K. Fister, Claimant.

Linda K. FISTER,
*Petitioner,*

*v.*

SOUTH HILLS HEALTH CARE
and SAIF Corporation,
*Respondents.*

(WCB 95-05569; CA A93974)

942 P2d 833

Max Rae argued the cause and filed the brief for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks review of an order on remand of the Workers' Compensation Board, contending that the Board erred in refusing to consider her testimony at the hearing because that evidence had not been submitted to the Department of Consumer and Business Services (DCBS) in its proceeding on reconsideration. ORS 656.283(7). We conclude that, because no objection to the evidence was raised by employer before the hearing record closed, the evidence was properly considered by the administrative law judge (ALJ) and should have been considered by the Board. Accordingly, we reverse the Board and remand the case for reconsideration.

Claimant suffered a compensable back and cervical injury while working for employer as a certified nurse's assistant. Her claim ultimately went to hearing on the issue of the extent of her permanent disability. One of the issues in dispute concerned the "adaptability value," for the purpose of determining the extent of claimant's permanent disability, and involved a determination of claimant's "base functional capacity" (BFC), which, for the purpose of this case, is the physical strength requirement of claimant's job at the time of the injury. In an order on reconsideration, an Appellate Reviewer for DCBS assigned a BFC of "medium" to claimant's work as a nurse's assistant. Claimant testified at the August 1, 1995, hearing that the work she did for employer was similar to that of an orderly, which has a BFC of "heavy," and that her BFC should also be "heavy." That testimony had not been offered by claimant as a part of the record on reconsideration, but at the time of the reconsideration process, it would nonetheless have been admissible at the hearing. *Safeway Stores v. Smith*, 122 Or App 160, 857 P2d 187 (1993).

Subsequent to the reconsideration process, but before the hearing, the legislature amended ORS 656.283(7), and that subsection now provides that

"[e]vidence on an issue regarding a notice of closure or determination order that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing."

That amendment became effective June 7, 1995, and applies retroactively to pending cases. Or Laws 1995, ch 332, § 66(1); *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). It was applicable to this case, which had not yet come to hearing at the time the provision became effective.

In *Precision Castparts Corp. v. Plummer*, 140 Or App 227, 914 P2d 1140 (1996), we held that ORS 656.283(7) (1995) makes inadmissible at hearing evidence not previously offered on reconsideration. By the statute's terms, claimant's testimony, which would have been admissible before the amendment, became inadmissible by the time of the hearing. It was, nonetheless, admitted by the ALJ without objection by employer. In fact, employer cross-examined claimant concerning the nature of her work and its lifting requirements.

Employer first raised the question of the admissibility of the evidence in its appeal to the Board. In a footnote to its opinion, the Board relied on its order in *David J. Rowe*, 47 Van Natta 1295 (1995), and rejected claimant's contention that employer had waived its challenge to the evidence by not raising it at the hearing. The Board said that, in the light of the "express statutory limitation" on the admissibility of the evidence, it could consider employer's argument despite the absence of an objection at the hearing.

■ In her first assignment of error, claimant asserts that the Board erred in holding that it was statutorily barred from considering claimant's testimony at hearing. Claimant does not contend, as she did before the Board, that employer waived its challenge to the admissibility of the testimony. Her primary contention on review is that the retroactive application of ORS 656.283(7) (1995), violates federal and state concepts of procedural due process. The Supreme Court has frequently said, however, that constitutional issues should not be decided if there is an adequate statutory basis for a decision. *State v. Lowry*, 295 Or 337, 343, 667 P2d 996 (1983); *Douglas County v. Briggs*, 286 Or 151, 593 P2d 1115 (1979). The court has adhered to that approach even when the parties have not raised the nonconstitutional issue on which the court ultimately bases its decision, as is the case

here. *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 687 P2d 785 (1984).

In *State v. Hovies*, 320 Or 414, 887 P2d 347 (1994), the defendant raised only constitutional challenges to the trial court's failure to give him an opportunity to cross-examine the witness against him. The Supreme Court said that it was required first to consider whether there were statutory provisions that gave the defendant the right to cross-examine the witness and concluded that there were. *Id.* at 419. *See also Meltebeke v. Bureau of Labor and Industries*, 322 Or 132, 903 P2d 351 (1995). In *Lloyd Corporation v. Whiffen*, 307 Or 674, 773 P2d 1294 (1989), the parties disputed whether a circuit court judge's refusal to enjoin signature gathering was a taking under the state and federal constitutions. The court said:

> "From the beginning, the parties have treated this as a constitutional case. * * * Judicial opinions elsewhere take up the constitutional debate, displaying deep divisions about the correct analysis. [Footnote omitted.] We will not join in that debate, however, without first examining the parties' rights on a subconstitutional level. Our practice is to refrain from constitutional holdings unless ordinary legal principles cannot resolve the dispute. *State v. Edgmand*, 306 Or 535, 538-39, 761 P2d 505 (1988); *Planned Parenthood Assn.* [297 Or 564]." *Lloyd Corporation*, 307 Or at 679-80.

In a footnote, the court said:

> "Avoiding needless constitutional rulings is not a technical nicety of judicial etiquette. If there is no duty to decide the constitutionality of a law, there is a duty not to decide it. This rule prevents premature foreclosure of opportunities for legislators who are better equipped to consider and choose among different policies." *Id.* at 680 n 4.

Because we conclude that claimant's assignment is correct for nonconstitutional reasons, we do not reach claimant's constitutional contentions.

The Board's own precedent establishes the rule that it will consider only issues raised by the parties at the hearing. *See, e.g., Gunther H. Jacobi*, 41 Van Natta 1031 (1989). The Board has not set forth an adequate reason for deviating

from that well-established practice. Because employer did not object to claimant's testimony at hearing, the Board should not have entertained employer's argument, first made to the Board, that the evidence is inadmissible.

Contrary to employer's contention, the Board's error was not harmless. Claimant's testimony provided some evidence from which the Board could have found that her work before the accident was "heavy." Accordingly, we remand the case to the Board for it to reconsider, once again, the extent of claimant's disability.

Reversed and remanded.