Argued and submitted November 14, 1997, affirmed January 21, petition for review denied April 21, 1998 (327 Or 123)

In the Matter of the Compensation of
Virginia McClearen, Claimant.

ROGUE VALLEY MEDICAL CENTER,
*Petitioner,*

*v.*

Virginia McCLEAREN,
*Respondent.*

(WCB 95-04438; CA A96102)

952 P2d 1048

Adam T. Stamper argued the cause for petitioner. With him on the brief was Cowling, Heysell, Plouse & Ingalls.

Bruce D. Smith argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Employer seeks review of a Workers' Compensation Board order reinstating claimant's award of permanent total disability (PTD). The primary issue on review is whether the Board correctly concluded that ORS 656.283(7), as amended in 1995,[1] bars the admission of evidence not submitted at the reconsideration level in a PTD dispute. We review for errors of law, ORS 656.298(7), ORS 183.482(8), and affirm.

Claimant worked for employer for approximately 18 years as a medical transcriptionist. In 1991, she fell at work, compensably injuring her left knee, hip and buttock. Claimant also suffered from congenital back and pulmonary health problems, neither of which affected her ability to do her job, but which limited treatment options for her compensable injury. Increased pain in her left lower back and left hip resulting from the injury caused claimant to reduce her work schedule in late 1992. Due to chronic pain and her inability to work while taking pain relievers, claimant resigned on March 31, 1993.

On September 23, 1994, claimant's claim was closed by a determination order awarding her 18 percent unscheduled permanent partial disability (PPD). Claimant requested reconsideration. In the reconsideration proceeding, claimant requested PTD and presented a written report of a vocational expert, stating that claimant could not be gainfully employed at that time. Claimant also presented reports from her attending physician. The order on reconsideration, dated April 6, 1995, awarded claimant PTD.

Employer requested a hearing. In advance of the hearing, employer, by letter, advised the administrative law judge (ALJ) that the parties had conferred about "the admissibility of medical, vocational and lay evidence at a post-SB 369 hearing where the issue is permanent total disability." The parties asked for "some guidance concerning the admissibility of expert vocational testimony that was not before the

---

[1] Or Laws 1995, ch 332, § 34. We have held that chapter 332 generally applies retroactively to pending cases. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

Appellate Review Unit on reconsideration." In response, the ALJ issued an "interim order" in which the ALJ concluded that "the limitations of ORS 656.283(7) do not apply to the issue of permanent total disability."

At the hearing, employer submitted the report of a doctor who had examined claimant on August 8, 1995, and who opined that claimant could perform part-time work at home. Employer also called as a witness a vocational consultant, who testified that he had reviewed the documentary evidence and concurred that claimant could be gainfully employed working in her home on a part-time basis. Relying on that evidence, the ALJ reinstated the 18 percent unscheduled PPD that had been awarded in the determination order.

Claimant appealed the ALJ's order to the Board. The Board determined that "the record at any subsequent hearing concerning a challenge to the reconsideration is limited as stated in *amended* ORS 656.283(7)." Thus, the Board concluded that the ALJ erroneously considered the post-reconsideration evidence. Examining the record *de novo* and without the post-reconsideration evidence, the Board found that claimant was entitled to PTD and reinstated the April 6, 1995, award on reconsideration.

On judicial review, employer disputes the Board's application of ORS 656.283(7), arguing that the evidentiary limitation in the statute does not apply to PTD determinations. Employer also asserts that claimant's challenge to the post-reconsideration evidence was not preserved.[2]

▮ We begin with the preservation question. Employer relies on *Fister v. South Hills Health Care*, 149 Or App 214, 216, 942 P2d 833 (1997), to argue that the Board erred in considering the admissibility of the post-reconsideration evidence under ORS 656.283(7), because the evidence was submitted at the hearing without objection. This case differs

---

[2] We note that employer also assigns error to the Board's PTD finding. Employer does not separately argue that point, however. *See* ORAP 5.45(6) (separate argument must follow each assignment of error unless the assignments present essentially the same legal question). We therefore understand employer to challenge the PTD finding only on the theory that the Board should have considered employer's post-reconsideration evidence of employability. Because we conclude that the Board properly rejected that evidence, employer's limited challenge to the PTD finding fails.

from *Fister*, however. Here the parties sought and obtained a prehearing ruling from the ALJ on the admissibility of the new evidence. As a general proposition, a party does not have to object to evidence at the time of trial or hearing when a conclusive determination of admissibility has been made beforehand. *See, e.g., State v. Cole*, 323 Or 30, 35, 912 P2d 907 (1996) (pretrial ruling sufficient to preserve error even where objection to evidence could have been renewed at trial). Nevertheless, employer urges that the parties, by requesting the prehearing ruling, were agreeing to be bound by it. We find no support, however, for that characterization of what occurred. The record reflects only that the parties agreed to seek a prehearing ruling on the admissibility of the post-reconsideration evidence. The ALJ gave them that ruling. Neither the letter requesting the ruling nor the ALJ's interim order suggests that the parties were waiving their ability later to dispute the ALJ's legal conclusion on the application of the statute. We conclude that the issue was properly preserved for the Board's review.

We turn to the merits. In interpreting the statute, the starting point, of course, is the statute's text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). ORS 656.283(7), as amended, provides, in part:

> "Except as otherwise provided in this section * * * the [ALJ] is not bound by common law or statutory rules of evidence[.] * * * Evaluation of the worker's disability by the [ALJ] shall be as of the date of issuance of the reconsideration order pursuant to ORS 656.268. Any finding of fact regarding the worker's impairment must be established by medical evidence that is supported by objective findings. * * * Evidence on an issue regarding a * * * determination order that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing * * *."

The statute's terms are relatively straightforward. The statute provides that evidence on an issue regarding a determination order is not admissible at the hearing before the ALJ if it was not submitted at the reconsideration level.

■ There is no ambiguity in that language. As we stated in *Precision Castparts Corp. v. Plummer*, 140 Or App 227, 231, 914 P2d 1140 (1996):

"The unmistakable import of the text of ORS 656.283(7) is that *any* evidence, including a claimant's own testimony concerning the notice of closure or reconsideration order, is inadmissable at a subsequent hearing concerning the extent of the injured worker's permanent disability if not submitted at reconsideration and not made part of the reconsideration record." (Emphasis in original.)

We agree with that observation in *Precision Castparts* and find the import of ORS 656.283(7) to be as unmistakable now as it was then. Under the amended terms of the statute, in determining permanent disability, *any* evidence, including vocational evidence, not submitted during the reconsideration process is inadmissible at a subsequent hearing.

■ Employer, however, argues that the statute does not apply to PTD determinations, for two reasons. Looking to context, employer urges that the statute conflicts with ORS 656.287(1), which provides:

"Where there is an issue regarding loss of earning capacity, reports from vocational consultants * * * regarding job opportunities, the fitness of claimant to perform certain jobs, wage levels, or other information relating to claimant's employability shall be admitted into evidence at compensation hearings, provided such information is submitted to claimant 10 days prior to hearing and that upon demand from the adverse party the person preparing such report shall be made available for testimony and cross-examination."

Employer's argument seems to be that ORS 656.287(1) provides broadly for the admission of vocational evidence in PTD hearings and it therefore will be rendered "without effect" if ORS 656.283(7) excludes post-reconsideration vocational evidence at the hearing before the ALJ. To be sure, ORS 656.287(1) standing alone provides for the admission of vocational report evidence at "compensation hearings" (that is, at the hearing before the ALJ) subject only to the condition that the report be disclosed to the claimant 10 days prior to the hearing. As amended, however, ORS 656.283(7) provides a further qualification on the admissibility of vocational evidence. Now, the vocational evidence must also have been submitted at the reconsideration level. We agree with the Board's order on review, where it stated:

"In the face of the 1995 Legislature's clear and unqualified intent to limit evidence at hearing to evidence submitted at reconsideration, we decline to broadly interpret ORS 656.287(1) as a grant of authority to admit 'post-reconsideration' vocational evidence at such a hearing. Such an interpretation would undermine the evidentiary limitation the legislature sought to impose under the 1995 Act. Rather, in order to best harmonize the provisions of ORS 656.287(1) and *amended* ORS 656.283(7), we interpret ORS 656.287(1) as a grant of authority to admit at hearing vocational reports so long as: (1) the reports were previously submitted at the reconsideration proceeding; and (2) the other requirements of ORS 656.287(1) are fulfilled. These requirements include the condition that the vocational consultant whose report is being offered into evidence at hearing must be made available for testimony and cross-examination at hearing, upon request by the adverse party."

The Board correctly concluded that the two statutes can be harmonized to give effect to both. Because they can be, they must be. ORS 174.010.[3]

Employer's remaining argument is that the evidentiary limitation in ORS 656.283(7) must be understood to apply only to permanent *partial* disability (PPD) determinations. Employer reasons that permanent *total* disability (PTD) determinations require the most contemporaneous information available about a claimant's ability to work, rather than "outdated or speculative information." In effect, employer argues that the record in a PTD case must remain open at the hearing before the ALJ, because PTD determinations demand the most current evidence bearing on a claimant's employability.

Employer's argument ignores the statutory change at issue in this case. Previously, ORS 656.283(7) contained no procedural limitation on the evidence that the ALJ could consider in evaluating a claimant's disability. That was true even though ORS 656.283(7), since 1990,[4] has provided that a

---

[3] Moreover, we note that the Board in this case also interpreted ORS 656.287(1) to permit cross-examination at the ALJ hearing of the person who prepared the report, if the adverse party requests it. Assuming that the Board is correct in that conclusion (a conclusion neither party disputes on review), the statute has continuing force and effect in that regard as well.

[4] Or Laws 1990, ch 2, § 20 (Spec Sess).

worker's disability is to be evaluated as of the date of issuance of the reconsideration order. We therefore held in *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 857 P2d 187 (1993), that although the ALJ must evaluate disability as of the date of issuance of the reconsideration order, the ALJ may consider evidence on that question that could not have been submitted on reconsideration. We described that result as "curious," but "compelled by the statutes." *Id.* at 163.

The 1995 amendment to ORS 656.283(7) eliminated that curious result, and in doing so, eliminated the premise from which employer argues. The legislature now has limited the disability determination to evidence submitted at the reconsideration proceeding, thus effectively closing the record at that point. It no longer is true that the record remains open through the hearing before the ALJ to new and more current evidence of the extent of a worker's disability.[5] Employer's argument is, at root, an objection to the statutory change, not a basis to construe the statute to mean something other than what it plainly says.

Affirmed.

---

[5] That is not to suggest that the extent of a worker's disability is not subject to reexamination based on new evidence and circumstances. *See* ORS 656.206(4), (5) and OAR 436-30-055(5) (reexamination of PTD claims to occur every two years, on the basis of current information about a worker's employability). The point is that the review before the ALJ is no longer the time and place to expand the record to encompass any new information.