Argued and submitted February 5, reversed and remanded for reconsideration
August 5, 1998

In the Matter of the Compensation of
Jose L. Hernandez, Claimant.

SAIF CORPORATION
and Eureka Fisheries, Inc.,
*Petitioners,*

*v.*

Jose L. HERNANDEZ,
*Respondent.*

(96-04633; CA A98805)

963 P2d 111

Michael O. Whitty argued the cause and filed the brief for
petitioners.

Bruce D. Smith argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.*

LANDAU, P. J.

---

* Wollheim, J., *vice* Leeson, J., resigned.

## LANDAU, P. J.

Employer seeks review of an order of the Workers' Compensation Board (board) awarding claimant permanent disability. Employer contends that the board erred in failing to evaluate claimant's condition—specifically, claimant's weight loss as a symptom of an upper gastrointestinal disease—as of the date of the order on reconsideration. We agree and reverse and remand for reconsideration.

We begin with the applicable administrative rules to place the parties' dispute in proper context. Under the workers' compensation rules, impairment of the upper digestive tract is rated in terms of four classes. A Class 1 impairment, rated at 3 percent, is indicated when:

"(A)   Symptoms or signs of upper digestive tract disease are present or there is anatomic loss or alteration; and

"(B)   Continuous treatment is not required; and

"(C)   Weight can be maintained at the desirable level; or

"(D)   There are no sequelae after procedures."

OAR 436-035-0420(2). A Class 2 impairment, rated at 15 percent, is indicated when:

"(A)   Symptoms and signs of organic upper digestive disease are present or there is anatomic loss or alteration; and

"(B)   Appropriate dietary restrictions and drugs are required for control of symptoms, signs and/or nutritional deficiency; and

"(C)   Loss of weight below the 'desirable weight' does not exceed 10%."

*Id.* A Class 3 impairment, rated at 35 percent, is indicated when:

"(A)   Symptoms and signs of organic upper digestive tract disease are present or there is anatomic loss or alteration; and

"(B) Appropriate dietary restrictions and drugs do not completely control symptoms, signs, and/or nutritional state; or

"(C) There is 10-20% loss of weight below the 'desirable weight' which is ascribable to a disorder of the upper digestive tract."

*Id.* Finally, a Class 4 impairment, rated at 63 percent, is indicated when:

"(A) Symptoms and signs of organic upper digestive tract disease are present or there is anatomic loss or alteration; and

"(B) Symptoms are not controlled by treatment; or

"(C) There is greater than a 20% loss of weight below the 'desirable weight' which is ascribable to a disorder of the upper digestive tract."

*Id.* The "desirable weight" referred to in the rule is defined by a chart that lists desirable weights by sex, height and body build. *Id.* For example, the desirable weight for a male, 68 inches tall, is between 140 and 172 pounds, depending on whether the individual is of small, medium or large frame. *Id.*

With that framework in mind, we turn to the relevant facts, which are not in dispute. Claimant suffered a compensable injury to his left arm in 1991. In December 1993, as a result of the medications prescribed for the injured arm, claimant developed symptoms of a peptic duodenal ulcer. Claimant is 68 inches tall; the record does not disclose his body build. At the time the symptoms first developed, he weighed 145 pounds. By April 1995, claimant's weight fell to 137 pounds. By September 1995, claimant's weight rebounded to 142 pounds. On October 10, 1995, employer accepted a claim for the ulcer. Meanwhile, by November 1995, claimant's weight climbed to 151 pounds.

On December 1, 1995, employer closed the claim. Employer did not award permanent disability for the ulcer condition. Claimant requested reconsideration, and, on May 8, 1996, an order on reconsideration was issued rating claimant's condition a Class 1 gastrointestinal system impairment, at 3 percent. Claimant requested a hearing, contending that

he should have been rated a Class 2 impairment, at 15 percent. Employer opposed the request on the ground that claimant could not show the necessary weight loss required for a Class 2 rating. Claimant argued that weight loss is not a requirement of a Class 2 rating. The administrative law judge (ALJ) agreed and rated claimant's condition a Class 2 impairment, at 15 percent.

Employer requested review, arguing that the ALJ erred in concluding that weight loss is not a requirement of a Class 2 rating. The board agreed, holding that, under the plain terms of the rule, loss of weight not in excess of 10 percent below the desirable level is required for rating a condition a Class 2 impairment. The board went on to conclude, however, that, because claimant's weight fell from 145 pounds to 137 pounds between December 1993 and April 1995, he in fact did meet that requirement and thus was entitled to a Class 2 impairment rating, at 15 percent. One board member dissented, arguing that claimant's weight loss during the period from 1993 to 1995 is irrelevant, because, under ORS 656.283(7), claimant's weight as of the date of the order on reconsideration is controlling. As of that date, claimant actually had sustained a weight gain in relation to his weight before the onset of the ulcer. Employer moved for reconsideration on that ground. The board denied reconsideration without explanation.

On review, employer challenges the board's conclusion that claimant is entitled to a Class 2 impairment rating. Employer argues that the dissenting board member was correct in asserting that claimant failed to establish the required loss of weight as of the time of the order on reconsideration. Claimant argues that the applicable administrative rules do not require proof of loss of weight as of the date of the order on reconsideration. According to claimant, the rules require only that "dietary restrictions and drugs are required for control of symptoms." One symptom of a duodenal peptic ulcer, claimant notes, is weight loss. He argues that, if there is evidence that dietary restrictions and drugs are necessary to control his weight loss, and if the weight loss—without such treatment—would not exceed 10 percent, then he is entitled to a Class 2 impairment rating.

■ ORS 656.283(7) provides that "[e]valuation of the worker's disability * * * shall be as of the date of issuance of the reconsideration order[.]" As we held in *Safeway Stores, Inc. v. Smith*, 122 Or App 160, 163, 857 P2d 187 (1993), there is no ambiguity in that directive, no room for interpretation. In this case, the board failed to evaluate claimant's condition as of the date of reconsideration. In so doing, the board erred.

■ Claimant's argument that proof of weight loss is not required at all cannot be reconciled with the language of the applicable rule, which requires that claimant demonstrate that dietary restrictions and drugs are required for control of symptoms "and" that actual weight loss below the desirable level not exceed 10 percent. Claimant's proposed interpretation effectively reads out of the rule the conjunction "and," as well as the phrase that follows it.

Reversed and remanded for reconsideration.