Argued and submitted December 15, 1998, affirmed April 21, 1999

In the Matter of the Compensation of
Phyllis M. Hays, Claimant.

Phyllis M. HAYS,
*Petitioner,*

*v.*

TILLAMOOK COUNTY GENERAL HOSPITAL
and Gab Robins North American, Inc.,
*Respondents.*

(WCB 95-13427; CA A102275)

979 P2d 775

Kevin Keaney argued the cause for petitioner. With him on the brief was Willner Keaney Mata & U'ren, LLP.

Nancy J. Meserow argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

KISTLER, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

**KISTLER, J.**

The Workers' Compensation Board reduced the amount of attorney fees the administrative law judge (ALJ) awarded claimant. On review, claimant argues that the Board should not have decided whether the ALJ's fee award was excessive because employer failed to make a timely objection to her fee request. We affirm.

Employer denied claimant's request for workers' compensation because it concluded that her claims were not compensable. After a hearing before the ALJ, the parties submitted written closing arguments. In her closing argument, claimant primarily addressed compensability. She also "request[ed] a reasonable attorney fee based upon the statement of services Claimant's counsel will file when appropriate." In its response, employer did not object to claimant's request for a reasonable attorney fee if the ALJ found her claims were compensable. In rebuttal, claimant stated for the first time that she was asking for "an extraordinary assessed attorney fee" of $28,250. She explained that her attorney fee request was based in part on an hourly rate of $250. No further arguments were submitted to the ALJ. The ALJ found that the claim was compensable. The ALJ also awarded claimant the full amount of the attorney fees she requested, noting that her fee request was "uncontested."

Employer sought review of the ALJ's order. Before the Board, employer argued, among other things, that even if the claim were compensable, the ALJ's fee award was excessive. After considering the parties' arguments, the Board upheld the ALJ's determination that the claim was compensable. It agreed that claimant was entitled to an award of attorney fees but found that the fee the ALJ had awarded was too high. Specifically, the Board found that an hourly rate of $175 rather than $250 was appropriate. It accordingly reduced the fee award to $19,775.

Claimant petitioned for reconsideration. She argued for the first time that the question whether the fee award was excessive was not properly before the Board because employer had failed to object to her fee request before the

ALJ. On reconsideration, the Board explained that, as a matter of statute, it has *"de novo* review authority and may reverse or modify the ALJ's order or make any disposition of the case [it] deem[s] appropriate." The Board recognized that even though it had statutory authority to reach unpreserved issues, it had "consistently refused to consider issues raised for the first time on Board review." The issue, as the Board framed it, was whether a request for or an objection to attorney fees under ORS 656.386(1) should be an exception to that general rule. The Board concluded that it should, reasoning:

> "This case is distinguishable from *Fister* [*v. South Hills Health Care,* 149 Or App 214, 942 P2d 833 (1997)]. While the issue in *Fister* was the admissibility of evidence, the issue in the instant case is entitlement to an attorney fee under ORS 656.386(1). We have previously held that a represented claimant's entitlement to assessed attorney fees under ORS 656.386(1) is the 'natural derivative' of a determination that the claimant prevailed over a denied claim. For this reason, we have not required that a represented claimant 'preserve' entitlement to attorney fees as a separate issue at a hearing concerning the compensability of a denied claim. If a represented claimant prevails over a denial at hearing, we have held that his entitlement to an assessed attorney fee for his counsel's efforts at hearing is an automatic result of the compensability determination.
>
> "Because a represented claimant is not required to 'preserve' the issue of attorney fees at a hearing concerning a compensability determination, we have treated the issue of attorney fees (for prevailing over a denied claim) as an exception to our general practice of considering only issues raised by the parties at hearing. *See Wray A. Renfro,* 49 Van Natta at 1752 n 2. For this reason, we likewise treat the 'excessive fee' defense as an exception to our general practice as well. That is, if a represented claimant prevails over a denied claim at hearing, and submits a statement of services and/or attorney fee petition for services at hearing, the carrier need not 'preserve' at the hearing its defense that the fee amount requested was excessive. Rather, we conclude that the carrier may raise its 'excessive fee' defense for the first time on Board review of the ALJ's fee award."

(Some citations omitted.) The Board accordingly denied claimant's petition for reconsideration.

On review, claimant argues that the Board should not have reached the question whether the ALJ's fee award was excessive.[1] She does not argue that either a statute or a rule limits the Board's ability to reach an unpreserved issue.[2] Rather, she claims that the Board's decision in this case impermissibly departs from its earlier decisions. Starting from the proposition that the Board has consistently declined to reach unpreserved issues, she argues that its decision to do so here is contrary to this court's decision in *Fister* as well as the Board's own decisions.

Claimant's argument raises two related but separate issues. She argues initially that our decision in *Fister* precludes the Board from considering any issue that was not presented to the ALJ. Claimant reads *Fister* too broadly. In *Fister*, this court recognized that "[t]he Board's own precedent establishes the rule that it will consider only issues raised by the parties at the hearing." 149 Or App at 218. The court also recognized that the Board is bound to follow its own precedent unless it "set[s] forth an adequate reason for deviating from that well-established practice." *Id.* at 218-19. *Fister* thus requires that once the Board has announced a policy in the course of issuing a decision, it must follow that policy in future decisions. *Fister* leaves open, however, the possibility that the Board, much like a court, may recognize exceptions to its precedent, distinguish them, or even reverse them as long as it "set[s] forth an adequate reason" for doing so. *See also* ORS 183.482(8)(b)(B).[3] To the extent claimant

---

[1] Claimant does not argue that if the Board properly considered the employer's objection, it erred in reducing the fee award. Similarly, employer has not cross-petitioned for review of the Board's order holding that the claim was compensable.

[2] The ALJ relied on OAR 438-006-0045 for the proposition that the insurer had 10 days in which to file an objection to claimant's request for attorney fees. That rule applies generally to pre-hearing and post-hearing motions, not specifically to requests for assessed attorney fees. The Board apparently did not find the rule applicable to this situation, and claimant has not argued in this court that the rule applies.

[3] The court's reasoning in *Fister* is consistent with ORS 183.482(8)(b)(B), which sets out the standard of review when a litigant claims that the Board's order is inconsistent with its earlier decisions. *See* ORS 656.298(7) (making ORS 183.482(7) and (8) applicable to judicial review of Board orders); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988) (same). ORS 183.482(8)(b)(B) provides that the court "shall remand the order to the agency if it finds the agency's exercise of discretion to be * * * [i]nconsistent with * * * an officially stated agency

views *Fister* as an absolute bar to the Board's order here, she misperceives what *Fister* says.

Claimant argues alternatively that the Board erred in relying on its decision in *Wray A. Renfro*, 49 Van Natta 1751 (1997), to resolve her petition for reconsideration. In claimant's view, the Board's decision in *Renfro* and its decision here are inconsistent with its earlier decision in *James D. Lollar*, 47 Van Natta 740, *on recons* 47 Van Natta 878 (1995). The difficulty with claimant's argument is its premise: As the Board has explained them, its decisions in *Lollar* and *Renfro* are consistent.

In *Lollar*, SAIF had denied responsibility for the claimant's condition, and the claimant's actions resulted in SAIF's rescission of its denial before the hearing. In deciding whether the claimant was entitled to attorney fees under ORS 656.386(1), the Board explained that the issue turned on whether SAIF's denial of responsibility had also raised an issue of compensability. 47 Van Natta at 740. If it had, the claimant was entitled to fees. If it had not, the claimant was not entitled to fees. The Board initially concluded that SAIF's denial of responsibility had "raise[d] issues of compensability" and that the claimant was thus entitled to fees. *Id.*

On reconsideration, the Board observed that the "claimant's attorney [had] agreed without objection that the only issue at hearing was responsibility." 47 Van Natta at 878. Moreover, the claimant had not contended before the ALJ that "SAIF's denial raised compensability issues [nor had] he sought an attorney fee for obtaining rescission of a compensability denial prior to hearing." *Id.* As the parties had framed the issue before the ALJ, the issue was not one for which the claimant could recover fees under ORS 656.386(1). Given that procedural posture, the Board held that the claimant could not change positions and argue for the first time before the Board that the issue was one for which, if the claimant prevailed, he would be entitled to fees under ORS 656.386(1).

position, or a prior agency practice, if the inconsistency is not explained by the agency[.]" As in *Fister*, the standard of review set out in ORS 183.482(8)(b)(B) requires consistency with "an officially stated agency position" *unless* the agency explains the reasons for its new course.

Two years later, the Board faced a different issue in *Renfro*. In that case, the claimant sought an award of assessed attorney fees under ORS 656.386(2). There was no question that the issue litigated before the ALJ was one that would entitle the claimant to assessed attorney fees if he prevailed. The only question was whether the claimant should have requested attorney fees sooner than he did. *See* 49 Van Natta at 1751. In resolving that question, the Board reasoned that a claimant's entitlement to an assessed fee under ORS 656.386(1) is a "natural derivative" of a compensability determination. *Id.* If the ALJ holds that a denied claim is compensable, it follows that the claimant is entitled to recover a reasonable assessed attorney fee. The same is true under ORS 656.386(2) if the ALJ declines to reduce a claimant's award of compensation. The Board explained that where an assessed fee is a natural derivative of the issue raised at the hearing, the claimant need not seek attorney's fees before the ALJ. *Id.* It is sufficient if the claimant raises the fee request before the Board. *Id.*

The distinction between *Lollar* and *Renfro*, as the Board explained it, turns on the nature of the issue a claimant raises at the hearing. The Board reasoned in *Renfro*:

"In reaching this conclusion, we distinguish *James D. Lollar*. There, the claimant obtained rescission of the compensability portion of the carrier's denial. We concluded, however, that the claimant was not entitled to an attorney fee award pursuant to ORS 656.386(1) where he did not seek attorney fees pursuant to that statute until after the hearing. We noted that the parties had characterized the denial as a responsibility denial, and that there was no contention at hearing that the denial raised compensability issues or that the claimant was entitled to a '386(1)' attorney fee. 47 Van Natta at 879.

"Unlike *Lollar*, where, in the context of a responsibility denial, the claimant sought an attorney fee pursuant to ORS 656.386(1) after the hearing based on an allegation that the denial raised a compensability issue, claimant in this case did not raise a new issue as a basis for his request for an assessed fee under ORS 656.382(2). Under these circumstances, we do not find *Lollar* to be controlling."

*Renfro*, 49 Van Natta at 1751.

Given the distinction the Board drew in *Renfro*, we cannot say that its decision in *Renfro* is inconsistent with its decision in *Lollar*. Similarly, we cannot say that the Board's decision in this case is inconsistent with *Lollar*. In this case, claimant successfully contested employer's denial of compensability. Under the Board's decision in *Renfro*, her entitlement to an assessed attorney fee under ORS 656.386(1) was a "natural derivative" of the issue before the ALJ, and she was not required to assert her right to attorney fees before the ALJ in order to recover them. Following *Renfro*, the Board reasonably extended the rationale in that decision to employer's objection to her fee request.

Affirmed.