Submitted on remand from the Oregon Supreme Court November 26, 2001;
resubmitted en banc February 6, 2002

In the Matter of the Compensation of
Cindy M. Mount, Claimant.

Cindy M. MOUNT,
*Petitioner,*

*v.*

DEPARTMENT OF CONSUMER
AND BUSINESS SERVICES
and SAIF Corporation,
*Respondents.*

97-08823; A103636

46 P3d 210

Christopher D. Moore and Malagon, Moore & Jensen for petitioner.

David L. Runner, Special Assistant Attorney General, for respondents.

Before Deits, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Kistler, Brewer, and Schuman, Judges.

PER CURIAM

Edmonds, J., concurring.

Wollheim, J., dissenting.

**EDMONDS, J.,** concurring.

The majority opinion in this case consists of a per curiam citation to *Trujillo v. Pacific Safety Supply,* 181 Or App 302, 45 P3d 1017 (2002). I agree with the dissent's analysis in *Trujillo.* Therefore, it is necessary to explain why I agree with the dissent in *Trujillo* and yet concur with the majority in this case.

Under *Mathews v. Eldridge,* 424 US 319, 333, 96 S Ct 893, 47 L Ed 2d 18 (1976), the relevant factors to determine what due process requires in a particular administrative proceeding include the probable value of an evidentiary hearing. Where issues of the worker's own credibility and veracity are implicated by a specific issue in the workers' compensation proceeding, the probable value of an oral hearing where the worker can testify and challenge the reports of opposing witnesses by cross-examination is substantial, and due process requires that an oral hearing be afforded. *Koskela v. Willamette Industries, Inc.,* 331 Or 362, 15 P3d 548 (2000). In *Trujillo,* the issue is whether a base functional capacity (BFC) determination is the kind of determination where the probable value of an oral hearing is substantial. I agree with the dissent in *Trujillo* that, because the Dictionary of Occupational Titles (DOT) code will not always accurately reflect a claimant's BFC and because a worker's own assertions about the requirements of his or her job are important to the determination, an oral hearing is required to satisfy due process.

As we pointed out in *SAIF v. Fister,* 177 Or App 13, 15, 33 P3d 320 (2001), the determination of a claimant's BFC is a complicated application of a complex administrative rule. We had previously ruled in that case that the Board had erroneously refused to consider testimony regarding the nature of claimant's job at the time of her injury.[1] After the Board reconsidered on remand, the claimant, a certified nursing assistant, contended on judicial review that the Board had erred by classifying her BFC as "medium" when in fact, the correct classification, according to her, was "heavy." The

---

[1] *Fister v. South Hills Health Care,* 149 Or App 214, 942 P2d 833 (1997), *rev den* 326 Or 389 (1998).

issue, as the Board characterized it, was which DOT classification the duties of claimant's at-injury job more closely resembled. In an effort to understand the Board's reasoning and its conclusion, we examined the evidentiary record for evidence of claimant's five-year work history as well as whether she had successfully performed her job, or any job, at the time of injury. Those factual inquiries were all relevant to the application of the rule to determine her BFC and depended, in part, on whether claimant was credible in her description of her work duties. *Fister* lends support to the rule that, where a claimant's own credibility is at issue, the claimant is entitled to cross-examine witnesses that would tend to affect a factfinder's determination of credibility issues. Thus, due process requires a hearing in *Trujillo*, where the issue is the correct BFC and the claimant's credibilty.

In contrast, the issue in *Logsdon v. SAIF*, 181 Or App 317, 45 P3d 990 (2002) is what date the claimant became medically stationary. I agree with the majority in that case that that kind of decision is more like the determination in *Mathews* about whether the claimant's disability had ceased for purposes of termination of social security temporary disability payments. Both determinations (the date that the claimant became medically stationary and the date the claimant's disability ceased) are determinations that are generally made as the result of routine, standardized medical examinations and do not ordinarily depend on credibility assessments of the claimant. Instead, if credibility is involved at all, it is the credibility of a neutral medical professional, with no stake in the proceeding. Credibility is significantly less of an issue in such a proceeding.

That brings me to this case, where the issue is whether claimant has the right to cross-examine the medical arbiter as to why he reduced claimant's permanent disability award from 21 percent to one percent. For the reasons stated above, I do not view the issue in this case to be controlled by the majority's decision in *Trujillo*. Although the facts beg for the ability to cross-examine the arbiter, the proper question under *Koskela* is whether the issue before the arbiter is the kind of issue where the decision-maker must resolve factual disputes that involve credibility or veracity. Because the

medical arbiter's decision is not that kind of decision, I concur with the majority's result that the due process clause does not require an oral hearing.[2]

**WOLLHEIM, J.,** dissenting.

I respectfully dissent for the reasons stated in my dissents in *Logsdon v. SAIF*, 181 Or App 317, 45 P3d 990 (2002) (Wollheim, J., dissenting), and *Trujillo v. Pacific Safety Supply*, 181 Or App 302, 45 P3d 1017 (2002) (Wollheim, J., concurring in part and dissenting in part). Here, however, claimant was not only precluded from testifying about the extent of her permanent disability but was also precluded from cross-examining the medical arbiter whose report was the basis for reducing her award of permanent disability. I write here to address the issue of whether the Workers' Compensation Act allows the cross-examination of medical arbiters and, if it does not, whether the act violates the Due Process Clause of the United States Constitution.

Claimant injured her left wrist in 1996. SAIF accepted the claim for a left wrist sprain. Based on a closing evaluation by claimant's attending physician, the claim was closed by a determination order, with an award of 21 percent permanent disability. The award of permanent disability was based primarily on loss of strength. SAIF requested reconsideration, seeking a reduction in claimant's award. SAIF also requested the appointment of a medical arbiter. Dr. Neumann was appointed as the arbiter. During the medical arbiter examination, Neumann tested claimant's strength. The grip strength was 39 pounds on the injured left arm and the grip strength on the right was 64 pounds. Based on his examination, Neumann reported that claimant had full strength on the left but did not explain this apparent discrepancy. Claimant sought to depose Neumann but could not because of Neumann's unavailability up through the end of

---

[2] The majority and dissent in these cases disagree about the importance of the frequency with which such credibility issues occur in each type of proceeding. On that point, I note only that questions of the appropriate BFC and the correct medically stationary date occur in many cases, while the type of credibility question which the dissent would find here (whether the arbiter had credible reasons for significantly reducing the amount of permanent partial disability without providing any explanation) does not appear to occur in the "generality of cases." *Mathews*, 424 US at 344.

the reconsideration process. Based on Neumann's report, the order on reconsideration reduced claimant's permanent disability award from 21 percent to one percent.

Claimant requested a hearing. At the hearing, claimant sought to testify in an attempt to correct the record regarding her permanent impairment. ORS 656.283(7). The administrative law judge (ALJ) rejected her request to testify, holding that ORS 656.283(7) precluded the admissibility of a worker's testimony regarding extent of permanent disability. Claimant also sought to exclude the admission of the medical arbiter's report because Neumann was not made available for cross-examination, and claimant argued that she had a right to cross-examination under ORS 656.310(2). The ALJ admitted the medical arbiter's report, holding that there is no statutory right to cross-examine a medical arbiter. *See Richard D. Nelson*, 49 Van Natta 458 (1997).

ORS 656.268(6)(f) provides, "[a]ny medical arbiter report may be received as evidence at a hearing even if the report is not prepared in time for use in the reconsideration proceeding." ORS 656.310(2) provides, in part:

> "The contents of medical, surgical and hospital reports presented by claimants for compensation shall constitute prima facie evidence as to the matter contained therein; so, also, shall such reports presented by the insurer or self-insured employer, provided that the doctor rendering medical and surgical reports *consents to submit to cross-examination*." (Emphasis added.)

In addition, ORS 656.327(4) provides, in part:

> "No member of a panel or a medical arbiter shall be examined or subject to administrative or civil liability regarding participation in or the findings or the panel or medical arbiter or any matter before the panel or medical arbiter *other than in proceedings under this chapter*." (Emphasis added.)

Based on the plain language of those statutes, it would appear that a claimant has a statutory right to cross-examine a medical arbiter in a hearing. However, ORS 656.283(7) precludes the admission of any evidence at hearing that was not submitted at reconsideration. Thus, the statutes are in conflict. In *Koskela v. Willamette Industries, Inc.*, 331 Or 362,

377, 15 P3d 548 (2000), the Supreme Court resolved this conflict, holding:

> "Although * * * ORS 656.310(2) remain[s] applicable in *other* kinds of hearings provided for in chapter 656, [it] no longer appl[ies] to hearings on orders on reconsideration. As we have explained, the post-1995 statutory scheme for determining the extent of an injured worker's permanent disability does not permit the introduction of evidence through oral testimony or cross-examination at hearing. Rather, the process consists entirely of written submissions, from which the decision-maker determines whether the worker has met the burden of proof and persuasion with respect to [permanent total disability] benefits." (Emphasis in original.)

As interpreted in *Koskela*, the Workers' Compensation Act precludes an injured worker from testifying at an extent of disability hearing and precludes the injured worker from cross-examining the medical arbiter.

For the reasons stated in my dissents in *Logsdon* and *Trujillo*, I would conclude that those preclusions violate the Due Process Clause. Accordingly, I respectfully dissent.

Armstrong, J., joins in this dissent.